[ No. 780.   August 30, 1899.]

# FIRST NATIONAL BANK OF ALBUQUERQUE, NEW MEXICO, and AGNES C. ROBINS, Appellants, v. WILLIAM W. McCLELLAN, EUNICE McCLELLAN, his wife, and NAOMI DUNCOMBE, Appellees.

### SYLLABUS BY THE COURT.

REFERENCE — FINDINGS OF MASTER — PRESUMPTION — ADVANCEMENT BY WIFE TO HUSBAND WITHOUT PROMISE TO REPAY—SUBSEQUENT CON- VEYANCE TO WIFE—CONSIDERATION—BURDEN OF PROOF—WEIGHT OF EVIDENCE—CREDIBILITY OF WITNESSES — ERROR — RENEWAL NOTE— FRAUDULENT TRANSFER OF PROPERTY.—1.   An order of reference to a master directing him to take the proofs and report the same to the court, with his conclusions thereon, and the master acting thereun- der makes findings of fact and conclusions of law, and no objection is made either to the order or the action of the master thereunder in assuming to make such findings, it will be presumed that the master acted within the scope of his authority and with the consent of the parties.

2.   Where a wife advances money to her husband without any promise to repay the same or under such circumstances as not to create the relation of debtor and creditor *at the time*, such advancement is no consideration for a subsequent conveyance to her.

Where a husband makes a gift to his wife, as against his creditors at at the time, it devolves upon the wife to show that his remaining estate was ample to satisfy their demands.

3.   Where a husband conveys all of his estate to his wife's mother who thereupon shortly conveys the same to the wife, the burden of proof in a contest between her and her husband's creditors, is upon the wife to show that the conveyance was for a valuable and adequate consideration without fraudulent intent on the part of the husband or participation therein by herself and mother.

4.   Where the cause is referred to a master with the consent of the parties to find the facts and draw conclusions therefrom, and the master passes upon the weight of conflicting evidence and the credibility of witnesses, and where there is evidence to support his findings and they can not be said to be manifestly wrong, his findings of fact are to be treated as unassailable, and it is error in the court below to overrule them.

5. The holder of a renewal note is entitled to the same remedies against a fraudulent transfer of property as if he were proceeding upon the original note.

*Appeal,* from a decree for defendants, from the Second Judicial District Court, Bernalillo County. Reversed and remanded.

The facts are stated in the opinion of the court.

A. B. McMILLEN and JOHNSTON & FINICAL for appellants.

So far as the master's findings of facts depends upon conflicting testimony or upon the credibility of witnesses, or so far as there is any testimony consistent with the findings, it is entitled to all the consideration of the special verdict of a jury. Davis v. Schwartz, 155 U. S. 631; Kimberly v. Arms, 129 Id. 524; Tighman v. Proctor, 125 Id. 136; Callaghan v. Meyers, 128 Id. 666; Medsker v. Bonebreak, 108 Id. 72; De Cordova v. Korte, 7 N. M. 678, 41 Pac. Rep. 526; Field v. Romero, Id. 630, 41 Pac. Rep. 517; Gentile v. Kennedy, 8 N. M. 348; Givens v. Veeder, 50 Pac. Rep. (N. M.) 316.

There are certain rules established by law for determining the validity of transfers under the statute, and if these rules are transgressed, such transfers are void, without regard to the opinions of the parties to the transfer. Bump. on Fraud. Conv. [4 Ed.], secs. 27, 242, 243, 244; Potter v. McDowell, 31 Mo. 62; Grover v. Wakeman, 11 Wend. 187.

Where a debtor conveys land to his wife and a pre-existing creditor brings action to impeach the conveyance for fraud, the burden is on the wife to show that a valuable consideration actually passed from her to her husband. Seitz v. Mitchell, 94 U. S. 580; Horton v. Dewey, 53 Wis. 413; Hoffman v. Nolte, 127 Mo.; Peeler v. Peeler, 109 N. C. 631, 14 S. E. Rep. 59; Gable v. Cigar Co., 140 Ind. 563, 38 N. E. Rep. 474; Stevens v. Carson, 38 Neb. 550; Thompson v. Loenig, 13 Id. 386; Seasongood v. Ware, 104 Ala. 212, 16 So. Rep. 51; Kelly v. Connell, 110 Ala. 543, 18 So. Rep. 9; Glass v. Zutaveru, 43 Neb. 334; Grant v. Sutton, 90 Va. 772,

19 S. E. Rep. 784; Wood v. Harrison, 41 W. Va. 376, 23 S. E. Rep. 560; Claflin v. Ambrose, 37 Fla. 78, 19 So. Rep. 628; Hutchinson v. Boltz, 35 W. Va. 754, 14 S. E. Rep. 267; Bump. on Fraud. Conv. [4 Ed.], sec. 288. See, also, as to donee and grantee in deed: Bump. on Fraud. Conv. [4 Ed.] 249, 66; Callan v. Statham, 23 How. 447; Gibbs v. Thompson, 7 Humph. 179; King v. Moon, 42 Mo. 551; Humphries v. Wilson, 2 Del. Ch. 331.

A renewal note is not payment of the indebtedness represented thereby. Danl. Neg. Insts., secs. 1266a, 1266c; Bump. on Frand. Conv. [4 Ed.], sec. 296.

A party loses no right by change of securities, and the holder of a new note in exchange for an old one may attack a conveyance which is fraudulent as to the old one. Wait on Fraud. Conv. [3 Ed.], sec. 89; Thompson v. Hester, 55 Miss. 656; Gordon v. Baker, 25 Ia. 34; Lowry v. Fisher, 2 Bush. (Ky.) 70; Trezevant v. Terrell, 96 Tenn. 530, 33 S. W. Rep. 109; Miller v. Hilton, 88 Me. 429, 34 Atl. Rep. 266.

A transfer of all the property of a debtor, as in this case, is a badge of fraud. Bump. on Fraud. Conv. [4 Ed.], sec. 47; Wait on Fraud. Conv. [3 Ed.], sec. 231. See, also, as to what constitutes fraud, Bump. on Fraud. Conv., supra, secs. 50, 62, 63, 64; Wait on Fraud. Conv., supra, secs. 229, 231a, 235, 239; McCullock v. Doak, 68 N. C. 267.

WARREN, FERGUSSON & GILLETT for appellees.

The findings of the master were not supported by the evidence and the court below, upon the showing made by complainants, properly sustained the exceptions to the master's report. Picroal v. Neill, 63 Pa. St. 420; Story v. Livingston, 13 Pet. 359; Newcomb v. White, 5 N. M. 437, 442; Hyde v. Booraem, 16 Pet. 169; Bond v. Brown, 12 How. 254.

McClellan's transfer to his wife was made long before the commencement of suit of either of complainants, and they extended him credit after he had so transferred his property and the deed was of record. Moreover, the wife's money paid for the property, and having paid the consideration the property belonged to her. Desmond v. Meyers, 71 N. W.

Rep. 877; Strong v. Gordon, Id. 866; Trust Co. v.Linn, 72 Id. 496; Bank v. Weston, 542; Coal Co. v. Burnham, Id. 487; Sprague v. Benson, 20 Id. 731.    See, also, Wilkinson v. Buster, 22 So. Rep. 34; 3 Wait's Act. & Def. 469; Maguiac v. Thompson, 7 Pet. 348; Splawn v. Martin, 17 Ark. 146; Eyre v. Potter, 15 How. 393; Jansen v. Lewis, 72 N. W. Rep. 861; Hill v. Meinhard, 21 So. Rep. 805; Bank v. Rohrer, 39 S. W. Rep. 1047; Brown v. Bradford, 72 N. W. Rep. 648.

Under the allegations of the bill, complainants were not in a position to attack the conveyance from McClellan to Mrs. Duncombe.    Hussey v. Castle, 41 Cal. 339, 239; Grant v. Whitmore, 64 Me. 239.

PARKER, J.—This is a creditor's bill filed by appellants against appellees to subject certain real estate in the city of Albuquerque to the payment of certain judgments obtained by appellants against appellee, William W. McClellan.    The cause was referred to one of the standing masters in chancery with directions to take the proof and "report the same to the court, with his conclusions thereon."    The master, after taking the proof filed his report in which he makes findings of fact and draws conclusions of law therefrom, and recommends a decree in accordance with the prayer of the bill.    Appellees filed numerous exceptions to both clauses of findings which were sustained by the court and the bill dismissed.

1.    It will be observed that the reference is not in terms so broad as usually employed, it simply calling for a report of the proofs together with the master's opinion thereon, nor does it appear from the order that the reference was by consent.    But the master having assumed under the order to find facts and draw conclusions of law therefrom, and no objection being made either to the order or the action of the master thereunder, it is to be presumed by this court that he acted within the scope of his authority and with the consent of the parties.    Field v. Romero, 7 N. M. 630; De Cordova v. Korte, Id. 678; Express Co. v. Walker, 54 Pac. Rep. (N. M.) 9.

REFERENCE: findings of master: presumption.

2. The master made among others, the following find-ings: Ninth: That on December 15, 1892, the defendant, W. W. McClellan, transferred to his wife, the defendant, Eunice McClellan, through O. N. Marron, without consideration, lots 1 to 7, in-clusive in block "K." Tenth: That defend-ant W. W. McClellan, by deed dated February 4, 1896, acknowledged February 29, 1896, filed for record March 2, 1896, and recorded March 6, 1896, conveyed lots 17, 18, 19 and 20, block D. for a consideration named in the deed of $2,500 to defendant, Naomi Duncombe, his wife's mother. Eleventh: The testimony of the defendants, W. W. McClellan and Naomi Duncombe, relative to the time of the payment of the said consideration of $2,500 is so contradic-tory; the method of transmitting the money is so unusual; the fact that neither of the defendants produce any letters or memoranda relative to the transaction; the secrecy observed by the defendant W. W. McClellan, thereto; the acts of ownership exercised by the defendant W. W. McClellan, after the date of said deed; the fact that the said property was con-veyed by said defendant, Naomi Duncombe, to said defendant, Eunice McClellan, by deed dated May 2, 1896, which deed was kept concealed and unrecorded until the hearing in this cause; and that said transaction inaugurated immediately after defendant W. W. McClellan, had been served with summons in said suit of complaint, Agnes C. Robins, are so many sus-picious circumstances that the master finds that if there was not an actual conspiracy on the part of defendants, W. W. McClellan and Eunice McClellan and Naomi Duncombe to defraud the creditors of said defendant W. W. McClellan, there was in contemplation of law such fraud as should vitiate the transaction and the master therefore finds that the above transfers are so tainted with legal fraud that they can not be regarded as valid as against the complaining creditors. Thirteenth: That the transfer referred to in finding number 9 was a gift; that although the money belonging to the sep-arate estate of the defendant, Eunice McClellan, might have

ADVANCEMENT by wife to husband without promise to repay: subse-quent convey-ance to wife: consideration.

been used to purchase the same, there is nothing to show that W. W. McClellan was on that account morally or legally bound to convey the said property to the said Eunice McClellan; moreover, considering that the property had remained in his name for over a year, during which time it had formed a basis of credit for the indebtedness owing to complainants, his said transfer was a legal fraud upon his creditors, and hence must be regarded as invalid against the complaining creditors.

It will thus be seen that the master found that the transfer through Marron was a gift and void as to appellant. In this he is overruled by the court, and we think improperly. The testimony shows that the wife, at the time of the purchase, was in ill health and not expected to live; that she furnished the money out of her separate estate with which the purchase of the first two lots was made; that she desired the title taken in the husband's name; it fails to show any promise, express or implied, to repay the money, or any understanding between them that the property was to be conveyed to her, or that the relation of debtor and creditor was thereby created; that the husband afterwards bought lots adjoining those first purchased, mortgaged them for the purchase price, which mortgage was paid off by the mother-in-law; it fails to show any understanding that this payment by the wife's mother was to be a consideration for the transfer to the wife; that the husband then conveyed all this property to the wife, through Marron, without any consideration at the time. We think this transfer to the wife was voluntary in that it was without valuable consideration. Where a wife advances money to her husband, without any promise to repay, or under such circumstances as not to create the relation of debtor and creditor at the time, such advancement is no consideration for a subsequent conveyance to her. Bump, Fraud. Convey. [4 Ed.], sec. 286. Hanson v. Manley, 33 N. W. (Iowa) 357; Carbiener v. Montgomery, 66 N. W. (Iowa) 900-902; Bank v. Jenkins, 3 Atl. (Md.) 302; Jenkins v. Middleton, 13 Atl. (Md.) 155, 156; Frank v. Humphery, 12 N. E. (Ill.) 720-722;

Jackson v. Beach, 9 Atl. Rep. (N. J.) 380; Hermess v. Scruggs, 94 U. S. 22-28.

This transfer then must be held to be voluntary and consequently void as to appellants, unless the husband retained ample property to satisfy the demands of his creditors. It does appear that he still retained property afterwards conveyed to the wife through the mother-in-law, but it also appears that it was mortgaged for $2,000, that he tried to sell it but could not, until he finally conveyed it to the mother-in-law, who was the only person he could find to buy it. It was doubtful market value and incumbered. This was not a sufficient showing. It devolved upon the wife to show that his remaining estate was ample to satisfy the demands of the husband's creditors, and this she failed to do. Bump. Fraud. Convey., secs. 249, 259; Hoffman v. Nolte, 29 S. W. (Mo.) 1006.

3. In regard to the transfer mentioned in findings ten and eleven it appears from the transcript that the deed to the mother-in-law is dated February 4, acknowledged February 29, filed for record March 2, and recorded March 6, 1896; that the husband testified that he first recorded the deed before sending it to the grantee, and CONSIDERATION: before receiving the $2,500 consideration; that burden of proof. the mother-in-law testified that she sent the $2,500 about February 1, 1896, and before she received the deed; that they both testified that the $2,500 was sent by express in currency, in a package of clothing or dry goods addressed to the wife; that on February 3, 1896, the wife received by express two packages, one six and a half pounds, and one six and three-quarters pounds, both of which were what are called "freight packages," not marked as valuable, but whence they came does not appear from express company's records; that neither of appellees can produce any letters or memoranda of the transaction; that by deed dated May 2, 1896, the mother-in-law conveyed the property to the wife, but the deed is kept concealed and unrecorded until the hearing; that it is first disclosed by the husband while on the

stand, in explanation of the fact that he had returned the property for taxation in the name of the wife; that the deed to the mother-in-law was dated within a few days after the service of summons upon the husband in the act of appellants, Agnes C. Robins, against him on the original note; that the wife, the person most interested in the result of this proceeding, failed to take the stand and disavow knowledge of, or participation in any fraudulent intent on the part of the husband, and the mother-in-law had no knowledge of any answer being filed for her in this case, and the answer fails to contain any disclaimer by her of interest in the property, although filed long after she had parted with the title to the wife; that the $2,500 after it was received by the husband, was not deposited in any bank, but was kept in the house of husband and wife for a time, and then put in the husband's office safe, thus never becoming available asset which might be seized by his creditors in place of the property conveyed. Upon this state of the evidence, the master found the conveyance to be fraudulent, as we think correctly. The fact that the whole of the husband's estate is conveyed to the mother-in-law, who thereupon conveys the same to the wife, being shown, the burden of proof was upon the wife to overcome the presumption of legal fraud arising therefrom, and to show that the conveyance was for valuable and adequate consideration out of her separate estate. Seitz v. Mitchell, 94 U. S. 580; Hoffman v. Nolte, 29 S. W. Rep. (Mo.) 1006; Burt v. Timons, 2 S. E. Rep. (W. Va.) 780; Livey v. Winston, 4 S. E. (W. Va.) 451; Herzog v. Silkman, 97 Pa. St. 509; Bump, Fraud. Convey. [4 Ed.], sec. 288. And she must go even further and show the good faith of the transfer. Horton v. Dewey, 10 N. W. (Wis.) 599; Carson v. Stevens, 58 N. W. (Neb.) 845; Thompson v. Loeing, 14 N. W. Rep. (Neb.) 168; McEveny v. Rowland, 61 N. W. Rep. (Neb.) 124; Kaiser v. Wagner, 12 N. W. (Iowa) 754; Walt. Fraud. Convey. 301. This showing the wife failed to make.

4. Even had we been inclined to find differently from the master as to the facts in this case, still the master passed

upon the weight to be given to conflicting evidence, heard
the testimony of the husband, had an opportunity to observe
his demeanor, and passed upon his credibility
as well as that of the other witnesses he has the
best opportunity of any one who has examined
this record to arrive at a just conclusion as to
the intent of the parties in making this second transfer. There
was evidence to support his findings of facts, and they do not
manifestly appear to be wrong. Under these circumstances,
the findings of facts by the master are to be treated as unas-
sailable, and it was error in the court below to overrule them.
Davis v. Swartz, 155 U. S. 631; Kimberly v. Arms, 129 U. S.
524; De Cordova v. Korte, 7 N. M. 678; Field v. Romero, 7
N. M. 630; Gentile v. Kennedy, 8 N. M. 347; Givens v.
Feeder, 50 Pac. Rep. (N. M.) 316; Express Co. v. Walker, 54
Pac. Rep. (N. M.) 875.

*FINDING of mas-
ter: weight of
evidence: credi-
bility of witness:
error.*

5. It is conceded that the indebtedness of the appel-
lant, The First National Bank, was incurred after the transfer
through Marron to the wife. But it appears that the original
liability was incurred when the title to this
property was in the husband, and the note was
renewed from time to time thereafter. It was
a mere change of notes from time to time,
which evidences the same indebtedness and the holder of the
last renewal note was entitled to the same remedies against
the maker as if he still held the original note, and recovered
his judgment thereon. First Nat. Bank v. Lesser & Lewinson,
decided at this term.

*FRAUDULENT
transfer of prop-
erty: renewal
note.*

For the reason assigned the decree of the lower court is
reversed and the cause remanded with instructions to enter a
decree in accordance with the prayer of the bill.

Mills, C. J., and McFie, J., concur; Leland and Crum-
packer, JJ., not sitting.