[No. 3107. March 24, 1927. Rehearing Denied

May 12, 1927.]

FIELD v. OTERO et ux.

[255 Pac. 785.]

### SYLLABUS BY THE COURT

1. An insolvent husband, indebted to his wife, may prefer her as a creditor and convey property to her in payment of the debt, even though he thereby intends to prevent other creditors from reaching the same.

2. A conveyance from husband to wife cannot be set aside as fraudulent as against creditors, in the absence of allegation and proof that the husband was insolvent both at the time of the conveyance and at the time of filing of the suit to set aside the conveyance.

Appeal from District Court, Sandoval County; Hatch, Judge.

Action by Neill B. Field against Alfredo J. Otero and wife. From a judgment for plaintiff, defendants appeal. Reversed and remanded, with directions.

Hanna & Wilson, of Albuquerque, and J. F. Bonham, of Carrizozo, for appellants.

Joseph Gill, of Albuquerque, for appellee.

### OPINION OF THE COURT

PARKER, C. J. Alfredo J. Otero and Candelaria Otero are husband and wife. The appellee on November 19, 1924, obtained a decree against the husband in a suit brought to foreclose a lien on shares of corporate stock. On December 24, 1924, the husband filed for record a deed from him to his wife convey-

―――――――――

[1] 27CJ p. 639 n. 23. [2] 27CJ p. 770 n. 64.

ing the land in controversy in this action. On December 29, 1924, appellee recovered a deficiency judgment against the husband, and on January 13, 1925, recorded a transcript of the same in the proper office. On February 5, 1925, appellee took out an execution on the last-mentioned judgment, and on February 17, 1925, filed this action in aid of his execution, and alleging that the deed above mentioned was without consideration, and that appellants had fraudulently conspired to place the said real estate beyond the reach of the husband's creditors, and especially appellee, and that the husband was insolvent at the time of the recording of the deed. Appellants defended upon the ground that the deed was bona fide and supported by a valuable consideration. In the final decree, the court found as a fact:

"That the land in question was conveyed to the defendant Alfredo J. Otero something like 25 to 30 years ago; at the time of the conveyance of the land he bought the land for the purpose of conveying it or giving it to his wife, and did make a verbal gift of the land to her, but did not take any steps towards conveying the land to her at that time, and the title remained in him up until February 1, 1923, at which time he made a formal deed conveying the land to her, but withheld the deed from record until between the dates of the rendition of the judgment and the deficiency judgment in cause 897, the deed being filed for record on the 24th of December, 1924; that it was a matter of common knowledge, or general knowledge, in the community of Jemez, that this property was the separate property of the defendant, Candelaria Otero, wife of the defendant Alfredo J. Otero; that the defendant Alfredo J. Otero is, and was at the time of the filing of this suit, insolvent, and did not have sufficient property to pay his outstanding obligations, including the indebtedness due the plaintiff in this case. The court further finds as a matter of fact that the deed was placed of record at the time with the intention of preventing the plaintiff in this case from obtaining or levying upon such property and the sale of the same for the satisfaction of the indebtedness due the plaintiff. The court will find that the defendant Candelaria Otero had no knowledge of and did not enter into any conspiracy to defraud the plaintiff in any way in connection with the property, either the withholding of the deed from record or the recording of it at the particular time it was recorded. The court finds that the defendant Alfredo J. Otero used property which had been given to the defendant Candelaria Otero by her father for a long period of time, using the proceeds of the property for his inidivdual use and also for the use of the community, the

amount of such property being uncertain from the testimony and approximating something in the neighborhood of $10,000; that the defendant Alfredo J. Otero never did pay the defendant Candelaria Otero any of this money, and is indebted to her at this time in some amount—the court makes no specific finding as to the amount. That at the time this property in controversy was purchased originally, at the time defendant verbally gave it to his wife, he was in good financial circumstances and was not indebted in any considerable amount."

As a conclusion of law on the foregoing findings, the court held that the deed was fraudulent, and set the same aside as to the plaintiff and appellee. From this judgment this appeal is taken.

[1] The testimony shows that the husband's father paid for the land and enjoined upon the husband at the time that he convey the same to the wife as a gift from the father. The husband, therefore, was never the beneficial owner of the property. The wife's father conveyed property to the husband for the use and benefit of the wife, the proceeds whereof the husband used upon the understanding with his wife at the time that the money was her money, and was to be repaid to her. The wife did not participate in any design to defraud the appellee by placing the property beyond his reach, but merely received the conveyance in consummation of the gift made years before to her by her husband. Under such circumstances, the conveyance was clearly not voluntary and is to be sustained.

It is to be noticed that, aside from the restrictions of the Bankruptcy Law, or local insolvency laws, neither of which has been invoked in this case, there is no law which prevents a preference of one creditor over another. 12 R. C. L. Fraudulent Conveyances, § 91; 27 C. J. Fraudulent Conveyances, §§ 363, 364. This same principle applies to transactions between husband and wife. 12 R. C. L. Fraudulent Conveyances, § 105; 27 C. J. Fraudulent Conveyances, § 405; Ilfeld v. Baca, 14 N. M. 65, 89 P. 244.

This case differs from the case of First Nat. Bank v. McClellan, 9 N. M. 636, 58 P. 347. In that case

the conveyance was voluntary, without consideration, and fraudulent. In this case the court has found that the wife is the bona fide creditor of her husband in an amount at least equal to the value of the property involved, and the evidence of both husband and wife shows that this was taken into consideration in making and receiving the conveyance.

[2] There is another consideration which prevents recovery in this case. The complaint fails to allege insolvency of the husband at the time of the execution of the deed, or at the time of recording the same, and the court expressly refuses to so find, although so requested by the plaintiff. The court found insolvency of the husband at the time of the commencement of this action, which was subsequent to the recording of the deed, and more than two years subsequent to the execution of the deed. That such an allegation and such proof is necessary in a case of this kind, see 1 Moore on Fraudulent Conveyances, p. 901; 27 C. J. Fraudulent Conveyances, § 674; 12 R. C. L. Fraudulent Conveyances, §§ 10, 165; Nevers v. Hack, 138 Ind. 260, 37 N. E. 791, 46 Am. St. Rep. 380; Wagner v. Law, 3 Wash. 500, 28 P. 1109, 29 P. 927, 15 L. R. A. 784, 28 Am. St. Rep. 56. There is a minority doctrine to the contrary. It is generally held that a like allegation is required as to defendant's condition at the time of the bringing of the action, but this is not involved; the court having found insolvency at the time of bringing this action. This proposition was urged in the demurrer to the complaint and is urged here, and is fatal to the maintenance of the action. The plaintiff asked a finding that the husband was insolvent at the time of the conveyance, which was refused by the court, as before seen; but the point is not argued in the brief, and even if it were there is substantial evidence to support the court's refusal.

It follows that the decree is erroneous and should be reversed and the cause remanded, with directions to set aside the decree, and to enter a decree in favor of the wife, establishing her title to the land in con-

troversy, as prayed in her answer, and it is so ordered.

BICKLEY and WATSON, JJ. The refusal to find that Alfredo J. Otero was insolvent, when he made the conveyance to his wife, we consider fatal to the judgment; and we therefore concur in the result.