127 P.2d 246

**STATE NAT. BANK OF EL PASO, TEX.,
v. CANTRELL.**

No. 4642.

Supreme Court of New Mexico.

June 22, 1942.

Whatley, Garland & Weir, of Las Cruces, for appellant.

J. B. Newell, of Las Cruces, for appellee.

BICKLEY, Justice.

Plaintiff's complaint alleged that the defendant executed and delivered to the Western Heating and Engineering Co. of El Paso, Texas, his promissory note for a certain principal sum and interest, payable in monthly installments; that prior to the maturity of any installment of the note and without notice of any infirmity in said note, appellant purchased the same from the payee, paying value therefor and became a holder of said note in due course; that demand was made upon defendant for payment of the installments due and that defendant refused to pay same, and that plaintiff elected to declare the whole amount due and prayed judgment for the principal with interest.

Defendant filed an amended answer and amended cross-complaint whereby he admitted the execution and delivery of the note, but alleged that it was a part of a conditional sale contract executed contemporaneously with said note and as a part thereof; that the plaintiff by purchasing the note and contract assumed all the rights and liabilities of the assignor of the note and contract; that the air conditioner, agreed in said contract to be supplied, failed to give satisfaction and did not properly function; that after notifying appellant and its assignor of this fact, both failed to remedy the plant or to place it in a proper operating condition; that defendant was advised by one of the mechanics who assisted in the installation of said air conditioning plant that the equipment was second-hand and not as represented by the assignor; that the plaintiff, in acquiring the note and contract, became obligated to carry out and perform all the conditions contained therein; that by reason of the failure of the plant to give satisfaction, and plaintiff's and its assignor's refusal to remedy said condition, defendant admitted that he had not paid any of the installments of the note; that by reason of the foregoing facts there was a total failure of consideration of the note; that defendant offered to return the air conditioner, but that plaintiff refused to take or remove it. The foregoing and some additional facts

were also made the basis for defendant's cross-complaint.

Plaintiff demurred to the amended answer and cross-complaint.

Plaintiff's reply denied the allegations of new matter in defendant's answer and further pleaded a letter addressed by defendant to plaintiff wherein defendant stated that he had knowledge of plaintiff's intention to purchase the note and that he would make payments according to its provisions; that plaintiff believed and relied upon the representations contained in said letter and purchased the note of defendant and that defendant was estopped to deny liability.

By way of answer to the cross-complaint, plaintiff denied generally its allegations and pleaded the letter mentioned in the last preceding paragraph as an estoppel against defendant's cross action. Defendant filed his reply to plaintiff's answer to the cross-complaint wherein he admitted the writing of the letter but alleged that it was composed by the plaintiff and that defendant was induced to sign it by reason of the representations contained in a letter addressed to defendant by plaintiff, wherein defendant was advised that plaintiff was purchasing the conditional sale contract and note; and that defendant relied upon the fact that plaintiff was assuming all the obligations of the assignor (Western Heating and Engineering Co.) and believed that plaintiff would assume all the obligations of said assignor as well as the rights of said contract; that so

believing, he signed the letter aforesaid and delivered it to the representative of the assignor; that plaintiff received the conditional sale contract by assignment contemporaneously with the endorsement to it of the note sued on; that both the note and contract were delivered to plaintiff as one instrument and that they were thereafter separated and suit commenced on the note alone.

The case came on for hearing by the court without a jury. The evidence, or a portion thereof, was heard, the defendant being permitted to file his amended answer and cross-complaint. Later, further evidence was presented.

Thereafter, the demurrer was overruled and the court rendered judgment in favor of defendant on the complaint and also giving defendant judgment on his cross-complaint.

The judgment contains a recital that the issues on the complaint are found against the plaintiff and in favor of the defendant, and that the issues raised by the cross-complaint are found in favor of the defendant. The judgment recites an exception by the plaintiff.

Prior to entry of final judgment, plaintiff submitted to the court its requests for specific findings of fact and conclusion of law which were refused and thereupon plaintiff before entry of judgment submitted and filed its exceptions to the court's refusal to make and conclude findings and conclusions as requested.

The defendant requested no specific findings of fact or conclusions of law and the court made none of its own except the general finding of the issues in favor of the defendant heretofore mentioned.

One of appellant's assignments of error is that the court committed error in overruling plaintiff's demurrer to defendant's amended answer and cross-complaint.

One of the grounds of the demurrer is stated therein as follows: "The proof showed that the note sued on herein was a separate transaction from the conditional sales contract set up in defendant's amended answer." The demurrer likewise refers to written evidence of facts not appearing on the face of defendant's amended answer and cross-complaint.

 This is a speaking demurrer and consequently bad. Dodrill v. State Bank of Alamogordo, 35 N.M. 342, 297 P. 144.

Appellant's assignments of error recite that the court erred in refusing plaintiff's three requested findings of fact and its requested conclusion of law. In view of our disposition of the case, it is not necessary to quote these.

If the trial court had made its own specific findings of fact and conclusions of law upon which it based its decision and judgment, it might then appear that the plaintiff was not prejudiced by the refusal of those tendered by it.

The Rule of Pleading, Practice and Procedure in judicial proceedings in the district courts controlling in the case at bar is Rule 105-813, which is a modification of Sec. 105-813, Comp.Sts.1929, the fourth paragraph (not numbered) of which is as follows:

"(a) Upon the trial of any case by the court without a jury, its decision must be given in writing and filed with the clerk in the cause. In such decision the court shall find the facts and give its conclusions of law pertinent to the case, which must be stated separately.

"(b) The findings of fact shall consist only of such ultimate facts as are necessary to determine the issues in the case, as distinguished from evidentiary facts supporting them. Such findings shall be separately stated and numbered.

"(c) Each conclusion of law shall be separately stated and numbered.

"(d) The decision herein provided for shall be signed by the court and filed in the cause as a part of the record proper.

"(e) All requested findings of facts and conclusions of law not included in the court's decision as herein provided, shall be by the court marked "Refused", and shall be filed as a part of the record proper.

"(f) A party will waive specific findings of fact and conclusions of law if he fails to make a general request therefor in writing, or if he fails to tender specific findings and conclusions.

"(g) The decision shall be contained in a single document; provided, that an amended or supplemental decision may be

filed in the cause prior to entry of judgment.

"(h) The court shall allow counsel in the cause reasonable opportunity to submit requested findings of fact and conclusions of law; but prior to acting upon such requests, shall require satisfactory proof that a copy thereof has been served on opposing counsel.

"And upon the trial of any cause by the court, without a jury in common law cases, each party shall have the right to make all objections and take all exceptions that he might have made or taken, as if the trial had been before a jury; and upon a review, by writ of error, in the supreme court, or by appeal, the said supreme court shall hear and determine the said cause in the same manner and with the same effect as if it had been tried before a jury. (Effective October 1, 1940.)"

The purpose of this rule is explained in Morrow v. Martinez, 27 N.M. 354, 200 P. 1071.

Other decisions citing the last mentioned case and commenting on the rule are as follows: Merrick v. Deering et al., 30 N.M. 431, 236 P. 735; Springer Ditch Co. v. Wright et al., 31 N.M. 457, 247 P. 270; Board of Trustees of Town of Torreon v. Garcia et al., 32 N.M. 124, 252 P. 478; De Lost v. Phelps Dodge Corporation, 33 N.M. 15, 261 P. 811; Apodaca v. Lueras, 34 N.M. 121, 278 P. 197; Harris & Maldonado v. Sperry, 35 N.M. 52, 290 P. 1022; Moore v. Phillips Petroleum Co., 36 N.M. 153, 9 P.2d 692; Lopez v. Townsend, 37 N.M. 574, 25 P.2d 809, 96 A.L.R. 342; Hartzell v. Jackson, 41 N.M. 700, 73 P.2d 820; McDaniel v. Vaughn, 42 N.M. 422, 80 P.2d 417; The Macabees v. Chavez, 43 N.M. 329, 93 P.2d 990; Sandoval County Board of Education v. Young, 43 N.M. 397, 94 P.2d 508.

See also Report of Proceedings of the Annual Meeting of the State Bar of New Mexico held at Roswell, New Mexico, October 10, 11, 1941, for address of Chief Justice Brice, in which this Rule is discussed at length with citations and quotations.

If the Rule is observed, the litigants, and particularly the losing party, will have an opportunity to make objections and take exceptions to the findings of fact and conclusions of law, to the end that the trial court may withdraw or correct and amend them, and in case of review, to enable this court to review the trial court's decision on the same grounds as those on which it was made.

There is a statement in Hartzell v. Jackson, supra, to the effect that the trial court's specific refusal of proposed finding is equivalent to a direct finding to the contrary. Citing Field v. Otero, 32 N.M. 338, 255 P. 785; In re Frick Book & Stationery Store, Inc., 38 N.M. 120, 28 P.2d 660, 662. It is not altogether certain that the decision in Field v. Otero turned upon an application of this rule. However, without discussion or the citation of supporting authority, in the Frick case we did say: "We must, in support of the judgment rendered, consider as made the converse of

these requested findings." In his address heretofore referred to, Mr. Chief Justice Brice commented on the statement just quoted as follows: "I am of the opinion that this is not a correct statement of law. It is an assumption that if there is not substantial evidence in the record to support his finding of fact that there is evidence to support the converse of it, which does not necessarily follow."

The doctrine of the Frick and Hartzell cases in this regard has been given prolonged consideration in conference discussions on several occasions. We finally have concluded that the doctrine is unscientific and unsound as applied to many, if not most, situations and difficult of practical application in the instances where it may be free from this criticism. Accordingly, the rule enunciated in the cases mentioned will no longer be followed.

It is not proper for the trial court to refuse a proposed specific finding of an ultimate fact within the issues supported by substantial evidence, believed by the Court and necessary to determine the issues in the case.

In the case at bar the trial court, in the course of the proceedings, seemed to have taken a view reflected by the plaintiff's requested findings of fact and conclusion of law. We are unable to know with any degree of certainty, what ultimate facts deemed by the trial court to be established caused it to arrive at its decision contained in the judgment.

For the reasons stated, the judgment of the court will be reversed, and the cause remanded with instructions to set aside the judgment and upon due notice to the parties, make findings of fact and conclusions of law, and to render judgment thereon, permitting such objections and exceptions to the proceedings as may be duly made by the parties.

We call attention to Paragraph 10 of Rule XIV of the Rules of Appellate Procedure, relative to supplemental transcripts on second appeal, which was formulated for the purpose of meeting situations in the nature existing in the case at bar, and it is so ordered.

BRICE, C. J., and ZINN, SADLER, and MABRY, JJ., concur.