196 P.2d 876

PORTALES NAT. BANK v. BEEMAN et al.

No. 5052.

Supreme Court of New Mexico.

July 22, 1948.

Rehearing Denied Sept. 7, 1948.

244

Reese & Reese, of Roswell, for appellants.

Mears & Mears, of Portales, for appellee.

BRICE, Chief Justice.

The plaintiff (appellee) sued the defendant on a promissory note. Constructive service was obtained by personal service of notice of suit on defendant in the state of California. Jurisdiction was obtained by attaching certain real estate and garnisheeing an indebtedness evidenced by three promissory notes made by J. D. Nuckols, garnishee in this proceeding, and alleged to be the property of defendant. The intervenors (appellants) among them claimed the property attached and garnisheed.

The trial court concluded that the property in question belonged to defendant Beeman and that the interveners had no interest therein; that it should be subjected to the payment of plaintiff's debt, which was in excess of $4,000.

Interveners Liddon W. Cowden and Olen R. Cowden each claimed ownership of 240 acres of the 480 acres of underlying minerals attached; and intervener Eileen D. Cowden claimed to be the owner of the three mortgage notes garnisheed, which aggregated the principal sum of $1,800.

The alleged titles of interveners Liddon W. Cowden and Olen R. Cowden are each

evidenced by a mineral deed, and that of Eileen Cowden by an assignment; all executed by W. H. Beeman, who at the time was the apparent owner of record.

On January 22, 1946, the defendant owed the plaintiff a promissory note in the principal sum of $4,191.63, no part of which had been paid. ·On that date this suit was filed, and the real estate in suit, claimed by interveners Liddon W. Cowden and Olen R. Cowden, was attached, allegedly as the property of the defendant; and the debt of $1,800 claimed by intervener Eileen D. Cowden, was garnisheed as a debt due defendant. On the 26th day of January, 1946, the district clerk issued a notice of this suit pending, directed to the defendant, a copy of which was served upon him personally in Los Angeles, California, on the 2nd day of February, 1946, but he did not answer, or otherwise appear in the case.

Each of the interveners claimed title to the property of record in his or her name by virtue of an executed oral trust, the details of which are in substance as follows:

Elizabeth R. Beeman was the great-aunt of interveners Olen R. and Liddon W. Cowden and had cared for them in her home from their infancy as if they had been her own children. The two young men were in the United States Army from late in 1942 to late in 1945. Intervener Eileen D. Cowden was the wife of intervener Olen R. Cowden. W. H. Beeman and Elizabeth R. Beeman were husband and wife and resided in California on April 19, 1944. Elizabeth R. Beeman owned the property in suit as her separate property. On the date last mentioned Mrs. Beeman entered into an oral agreement with her husband, in which it was agreed between them that she would transfer to him as trustee of an express trust the property in suit, and that as such trustee he would convey and assign the same to the respective interveners. To carry out the oral trust agreement on her part Mrs. Beeman then and there conveyed or assigned the property in suit to Beeman. She died January 17, 1945.

In executing the trust, as it is said, Beeman conveyed the real estate and assigned the mortgage notes and mortgage on May 14, 1945 to the respective interveners, as heretofore stated.

In answer to these claims of interveners the plaintiff in substance pleaded defenses as follows:

1. That no trust as alleged was created by the Beemans.

2. That the property in suit was the community property of Beeman and wife at the time Mrs. Beeman conveyed and assigned it to Beeman, and was subject to the payment of community debts.

3. That the mineral deeds and assignment from Mrs. Beeman to Beeman were

never executed, or if executed were never delivered to Beeman before Mrs. Beeman died, and never became effective.

4. That if the deeds and assignment made by Mrs. Beeman to defendant Beeman were made by her to effectuate an oral trust, then the trust agreement was void because not in writing.

5. That the mineral deeds and assignment were void because delivered after the property was attached and garnisheed, and after defendant had been served with process in this suit.

6. That the property in suit was the community property of Beeman and wife "and subject to the payment of their said indebtedness; and any attempted assignment or disposition thereof by W. H. Beeman was wholly fraudulent and void; and plaintiff states on information and belief that such was made for the purpose of cheating and defrauding his creditors, and particularly that due this plaintiff."

7. That plaintiff had no actual or constructive notice of any claim of interveners to the property in suit until the mineral property was attached and notes garnisheed; and it believed in good faith that all this property belonged to the defendant Beeman at that time. That the deeds and mortgage records of Roosevelt County "showed" nothing other than that W. H. Beeman was the absolute owner of such property.

The substance of the facts found by the Court material to a decision of the issues between the plaintiff and interveners, is as follows:

The defendant and Elizabeth R. Beeman were husband and wife. Mrs. Beeman died January 17, 1945 in the state of California, where they were living at that time. The interveners, Olen R. Cowden and Liddon W. Cowden, were grandnephews of Mrs. Beeman, and Eileen D. Cowden was the wife of Olen R. Cowden. The interveners grandnephews, were taken into the home of the defendant and wife at the ages of two and four years respectively, and lived with the Beemans as their children. They entered the armed service of the United States about 1942 and remained there for three years or more. They were cared for, educated and in every way treated as though they were the Beemans' own children.

On the 10th day of April, 1944, Elizabeth R. Beeman owned six notes of $500 each and one of $800, aggregating $3,800, executed by garnishee J. D. Nuckols and his wife Mildred Nuckols, secured by a mortgage on real estate. On that same date Elizabeth R. Beeman owned the minerals underlying 480 acres of land situated in Roosevelt County, New Mexico.

On the 19th day of April, 1944, Mrs. Beeman executed a written assignment of the unpaid notes and mortgage securing

them, to the defendant William H. Beeman; and on the same day she executed a mineral deed, purporting to transfer to the defendant Beeman "as his sole and separate property," the mineral interest in the 480 acres of land just mentioned, which were filed for record in the public records of Roosevelt County, New Mexico on February 16, 1945.

On the 4th day of February 1946 there was filed for record in the mortgage deed records of Roosevelt County, New Mexico an assignment of the notes and mortgage in suit, from William H. Beeman to intervener Eileen D. Cowden. At that time there were unpaid two $500 notes and one $800 note, a total of $1,800.

There was filed for record in the deed records of Roosevelt County, New Mexico, on the 14th day of February, 1946, two mineral deeds, each dated May 14, 1945, executed by defendant and acknowledged on the same day before Smead F. Kelly, a notary public of Los Angeles County, California. One of these deeds purported to convey 240 acres of the underlying minerals involved in this suit to intervener Olen R. Cowden; and the other the remaining 240 acres of the underlying minerals, to intervener Liddon W. Cowden.

The first information or knowledge that plaintiff had that interveners claimed the property in suit, or of the claim that it was conveyed to defendant as trustee for the use of interveners, was from their plea filed in this suit. It was not informed of any facts that put it on notice of any such claim or of any such trust as to the mineral rights, prior to the filing of the pleas of intervention. It was informed by a letter from defendant to it, dated September 22, 1945, that the notes garnished were "fixed" by Mrs. Beeman so that defendant would collect them and use the money to help the boys "get started in something when they are out of the army."

The plaintiff had no notice that defendant claimed to hold the property as trustee until after process was served on defendant on February 2, 1946; and at that time believed in good faith that defendant owned the property in suit.

None of the interveners had knowledge that defendant Beeman had made, executed and acknowledged the instrument conveying or assigning property to him, or her, until long thereafter; and none of them had knowledge that Beeman had any intent to defraud plaintiff by executing such instruments, if he ever had such purpose. That said instruments were made without consideration.

Among these findings of fact appear the following conclusions of law:

"8. * * * as a result of said conveyances (assignment of notes and mortgage and execution of mineral deeds to defendant by Mrs. Beeman) the said William H.

Beeman became the owner thereof as his separate estate. That said notes and mortgage deed remained the property of the said William H. Beeman at the time garnishment was made on J. D. Nuckols, the maker thereof, on January 22, 1946.

"13. That the evidence is insufficient to show that W. H. Beeman holds the title to said mineral interests in trust or as trustee.

"14. That the evidence is insufficient to show that W. H. Beeman held such notes and mortgage as trustee for Eileen Cowden, intervener.

"15. That the evidence shows that W. H. Beeman became the sole owner of all the property involved in this action upon the death of Elizabeth R. Beeman."
and a mixed finding of fact and conclusion of law, each as indicated by parenthetical notations, to wit: "16. That the purported conveyances of the minerals described herein to the said Olen R. Cowden and Liddon W. Cowden, and the purported assignment of said mortgage deed to the said Eileen D. Cowden, from the said William H. Beeman, were without consideration (a finding) and thereby became a nullity (a conclusion)."

Interveners' case is presented to us under thirty-six assignments of error, and argued under twenty-six points, many of which are immaterial to a decision of the main question, to wit, whether the defendant Beeman or interveners owned the property at the time it was attached or garnisheed.

The interveners assert that the court erred in making finding No. 16, to the effect that the mineral deeds and the assigned notes secured by mortgage, were made without consideration; and that the conclusion of law incorporated therein, to wit, "and thereby became a nullity," is error.

If the conveyances from Mrs. Beeman to Beeman conveyed property in trust, as testified to by Beeman, then Beeman never became the owner thereof and the court erred in his conclusion that these documents "became a nullity." On the other hand, if in fact the oral trust was never created we have a very different question.

Assuming for the present that no trust was created by agreement between the Beemans; then the question is whether the mineral deeds and the assignment of notes and mortgage were void because no consideration was paid therefor.

▮ It has often been said that a debtor must be just before he can be generous; that he cannot give away his property and thus defeat the claims of creditors. While there are many exceptions, it is the general rule that a voluntary conveyance (one without consideration) is prima facie, or presumptively, fraudulent and void as to existing creditors without regard to the intent of either or both parties, even in the

absence of a finding that grantor is insolvent (Graham Grocery Co. v. Chase, 75 W.Va. 775, 84 S.E. 785, 17 A.L.R. 723) and this presumption is sufficient evidence to void the conveyance, unless rebutted by the grantee, who has the burden of proving the solvency of the grantor, First Nat'l Bank v. McClellan, 9 N.M. 636, 58 P. 347; Weathersbee v. Dekle, 107 Fla. 517, 145 So. 198.

"While some courts, as stated in the preceding section, consider voluntary conveyances as fraudulent per se, the majority take a less extreme view. They hold that a voluntary conveyance is not conclusively fraudulent as against existing creditors. According to some authorities, the Statutes of 13 and 27 Elizabeth do not apply to voluntary conveyances unless they are fraudulent. However, cases which hold that a voluntary conveyance is not per se fraudulent as to existing creditors generally hold that the transaction is prima facie or presumptively fraudulent as to them; and some of the cases hold that the presumption of fraud becomes absolute in the event of insolvency. On the other hand, the effect of the fact that the transfer was voluntary may be rebutted or overcome by proof that the transferrer had means of paying his debts apart from the subject matter of the disputed transfer * * *." 24 Am. Jur. "Fraudulent Conveyances", Sec. 25.

"The courts are practically unanimous in holding that if the rule of the particular jurisdiction as regards a showing of actual or constructive fraud on the part of the grantor or transferrer is satisfied, a voluntary conveyance or transfer is avoided as to creditors; and it is immaterial whether the grantee or transferee participated in, or knew of, the fraud of the grantor or transferrer, or knew of the facts and circumstances from which fraud is imputed to the latter * * *." 24 Am.Jur. "Fraudulent Conveyances," Sec. 27. And see 37 C.J.S., Fraudulent Conveyances, §§ 100c, 387.

There was no finding on the question of defendant Beeman's solvency as of the time the transfers were made, or as of any other time. Under these circumstances the presumption must prevail and the deeds held to be void as to creditors, unless in fact these documents were made for the purpose of executing an oral trust as asserted by interveners.

The interveners cite Field v. Otero, 32 N.M. 338, 255 P. 785, and Chesher v. Shafter Lake Clay Co., 45 N.M. 419, 115 P.2d 636, to the effect that the burden of proof is upon plaintiff to prove defendant Beeman's insolvency. The deeds involved in those suits were not voluntary conveyances, but were made for substantial considerations. A different rule applies in such cases. Chesher v. Shafter Lake Clay Co., supra; 37 C.J.S., Fraudulent Conveyances, § 387.

The interveners have assigned as error the refusal of the trial court to adopt their requested findings numbers 7, 10, 12 and 14, to the effect that the oral trust alleged was in fact created, and that it was performed by the execution and delivery of the three transfers from defendant, one to each of the interveners.

The trial court did not necessarily err in refusing to adopt the interveners' several requested findings enumerated. The deeds from Mrs. Beeman to Beeman recited that the mineral interests were conveyed to Beeman as his sole and separate property, utterly inconsistent wtih the intention to create a trust. Also, at the time of all these transactions Mrs. Beeman was very ill, and it may be inferred that in contemplation of approaching death she conveyed title to all her property to her husband, who was an old man without means. The court might well have assumed that Mrs. Beeman would not have left him penniless by giving all her property to interveners. In view of the rule regarding the high degree or intensity of evidence required to establish an oral trust, to wit, that the evidence must be strong, cogent and convincing; (Lefkowitz v. Silver, 182 N. C. 339, 109 S.E. 56, 23 A.L.R. 1491, and annotations beginning at page 1500 of that volume), we are unable to say that the trial court erred in refusing to find that the oral trust asserted was actually created.

Becman alone testified to the facts which it is asserted created the trust pleaded.

The trial court might well have found that the alleged agreement, purported to have been made between the Beemans whereby it is said an oral trust was created, never occurred. It is assumed and argued by interveners that the trial court had made an adverse finding on the question, and they ought to be bound thereby.

The judgment of the district court should be affirmed, and it is so ordered.

LUJAN, SADLER and McGHEE, JJ., and FOWLER, District Judge, concur.