533 P.2d 583

**INTERNATIONAL STATE BANK, a corporation, Plaintiff-Appellee and Cross-Appellee,**

v.

**Mary F. BRAY, Defendant-Appellant and Cross-Appellee,**

v.

**SPRINGER PRODUCTION CREDIT ASSOCIATION, a New Mexico Corporation, Defendant-Appellee and Cross-Appellant.**

**No. 9972.**

Supreme Court of New Mexico.

March 21, 1975.

Charles D. Alsup, Clayton, for appellant.

Robertson & Robertson, G. Gordon Robertson, Raton, for appellee.

## OPINION

MARTINEZ, Justice.

International State Bank brought suit to foreclose a mortgage securing a promissory note executed by Mary F. Bray and her stepson and wife, Ed Bray and Leona J. Bray, upon land hereinafter designated as Tract 1 (200 acres) and an undivided ⅝th interest in Tract 2 (800 acres), all of which being located with Sections 34 and 35, Township 27 North, Range 22 East, N. M.P.M. in Colfax County. Springer Production Credit Association, hereinafter designated as "Springer," cross-claimed against Ed and Leona Bray to foreclose a second mortgage executed by them upon Tract 2 and to establish a priority in interest thereon as against Mary Bray, claiming as a trust beneficiary.

Mary Bray cross-claimed against Ed and Leona Bray and against Springer, claiming and requesting the court to 1) declare a constructive trust on the part of the lands involved; 2) have an accounting; 3) deny the validity of the Ed Bray et uxor mortgage to Springer. She also prayed that her interest as a trust beneficiary upon said land be declared to be superior to that of Springer.

The court tried the case without a jury and granted judgment in favor of plaintiff bank and ordered foreclosure of its mortgage. The court granted judgment on behalf of Springer as against Ed and Leona Bray in the sum of $22,917.00 and ordered foreclosure of its mortgage, subject only to the interest of plaintiff bank and denied priority to Mary Bray upon the constructive trust. The only parties complaining on this appeal are Mary F. Bray, who appeals from that portion of the judgment adjuding Springer's mortgage superior to her equities, and Springer, who contests that part of the judgment which denies priority of Springer's mortgage as to some

of the indebtedness owed by Ed and Leona Bray. No one attacks the judgment as it concerns the International State Bank.

The dispositive points of appeal are primarily resolved by a determination of the status of interest between Mary F. Bray as a constructive trust beneficiary and Springer as a bona fide mortgagee upon the Ed Bray mortgage upon Tract 2.

The general rule applicable to this case is found in the Restatement (Second) of Trusts § 284(1)(1959).

"If the trustee in breach of trust transfers trust property to, or creats a legal interest in the subject matter of the trust in, a person who takes for value and without notice of the breach of trust, and who is not knowingly taking part in an illegal transaction, the latter holds interest so transferred or created free of the trust, and is under no liability to the beneficiary."

■ There is no real dispute here that the equitable rights of a defrauded beneficiary (as Mary F. Bray herein) may be cut off by a conveyance to a bona fide purchaser who takes for value without notice of the breach of trust. Bogert, Trusts and Trustees §§ 881 to 897 (2d ed. 1962); IV Scott on Trusts § 284 (3d ed. 1967). The basic question regarding Mary Bray's claim therefore is whether or not Springer was a bona fide mortgagee, i. e., did it take the mortgage on the trust property for value and without notice of the breach of trust?

Findings of fact by the trial court revealed that Mary Bray had conveyed via quitclaim deed to Ed Bray et uxor, her entire interest in Tracts 1 and 2 on August 8, 1967. On the same date, Mary Bray and Ed and Leona Bray executed a promissory note to plaintiff bank and security of same. Ed and Leona Bray executed a mortgage to plaintiff bank upon their interest therein acquired on said Tracts 1 and 2.

Thereafter, on January 30, 1968, Ed and Leona Bray executed a note and mortgage to Springer upon Tract 2. Several months thereafter, Mary F. Bray learned of the Springer note and mortgage, and on December 18, 1969, commenced an action and filed a lis pendens against Ed Bray alleging fraud by him and claiming that he was a constructive trustee of Tracts 1 and 2, and that she had deeded said tracts to him with the understanding and for the sole purpose of mortgaging the land to plaintiff bank to secure the payment of previous indebtedness that she had incurred, and to operate Tracts 1 and 2 as a ranch and farm with division of profits.

None of the arrangements between Mary F. Bray and Ed Bray and wife were known to Springer when Ed Bray submitted a loan application and increase of his previously existing loan account. At the time the application was submitted, Ed Bray was indebted to Springer in the principal sum of $39,631.91, plus interest of $2,957.61. The application, which was approved, proposed to borrow a total of $58,101.00 so as to provide Ed Bray with funds to purchase additional cattle stock and working capital.

To support this loan, Ed Bray was required to furnish additional collateral above that previously securing his loan account. For this purpose, he represented himself to be the owner of Tract 2 on which he proposed to give a second mortgage to the extent of $30,000.00. In accordance with Springer's practice, a collateral agreement was executed, making reference to the $58,101.00 promissory note and pledging as collateral security for the note "and all other indebtedness of the undersigned * * * contracted or to be contracted, and due or to become due" a collateral note in the principal sum of $30,000.00, which note was in turn secured by a real estate mortgage upon Tract 2, dated January 30, 1968.

Springer, at no time prior to rendition of loan, knew of the claim of Mary F. Bray as a constructive trust beneficiary and it was not until being notified by the County Clerk of Colfax County of the filing of lis

pendens by Mary F. Bray on December 18, 1969 that Springer had actual notice of Mary Bray's claim.

The trial court gave judgment of foreclosure against Tract 2 on behalf of Springer for the lesser amount of $22,917.00, that being the aggregate amount of new money disbursed by Springer between January 30, 1968 and December 18, 1969, the latter being the date of Mary Bray's lis pendens filing. The trial court disallowed as a lien on said tract any amount owing prior to January 30, 1968, as well as any amounts disbursed on behalf of Ed Bray after December 18, 1969.

 It is not disputed that Springer had no actual notice of the constructive trust and we find Mrs. Bray's claim that Springer was put on constructive notice, due to certain suspicious circumstances, to be unmeritorious. Mary F. Bray argues that the value furnished by Springer to Ed Bray was in effect for "antecedent debt" and that Springer therefore is disqualified in its status as a bona fide purchaser for value. The trial court found that Springer gave value for the mortgage by renewing and enlarging Ed Bray's loan and disbursing additional funds. This finding is clearly supported by substantial evidence and will not be disturbed here. We hold the trial court was correct in giving Springer priority over Mary F. Bray, the constructive trust beneficiary, upon the mortgage.

Springer argues that, in New Mexico, payment of pre-existing debt is a valuable and adequate consideration for the transfer of property and that the trial court erred in denying priority for the full amount of its claim. Springer relies on Consolidated Placers v. Grant, 48 N.M. 340, 151 P.2d 48 (1944); Marchbanks v. McCullough, 47 N.M. 13, 132 P.2d 426 (1942); Field v. Otero et ux., 32 N.M. 338, 255 P. 785 (1927), but those cases are not even remotely factually similar to this case nor was the statement of the rule in Consolidated Placers anything but dictum. The traditional view in a case of this sort is

that a transfer of trust property as security for a pre-existing debt is not a transfer for value. Restatement (Second) of Trusts § 305 (1959). We hold the trial court was correct in limiting judgment and foreclosure to that portion of dispersals made between the execution of the $30,000.-00 collateral note and mortgage and the date of lis pendens.

The judgment of the trial court is affirmed.

It is so ordered.

McMANUS, C. J., and STEPHENSON, J., concur.