608 P.2d 1123
Rose Ann THOMAS, Plaintiff-Appellee,

v.

Johnny L. REID and Jackie L. Reid, his wife, Defendants-Appellants.

No. 12588.

Supreme Court of New Mexico.

March 31, 1980.

---

McCormick & Forbes, Don G. McCormick, Jay W. Forbes, Carlsbad, for appellants.

Paine, Blenden & Diamond, Dick A. Blenden, Carlsbad, for appellee.

## OPINION

PAYNE, Justice.

Rose Ann Thomas sought a declaratory judgment naming her as beneficial owner of one half of the minerals under an eighty acre tract of land held by her brother Johnny Reid and his wife. The court concluded that Johnny and his wife held the land in trust for his sister Rose Ann and named her owner of one half of the minerals. The court ordered an accounting for past profits. Johnny appeals, claiming there is no substantial evidence to establish the creation of a trust. We agree with Johnny and reverse the trial court.

Johnny's and Rose Ann's father lived on and farmed eighty acres of land near Loving, New Mexico. Prior to his death the father deeded half of the farm to his wife Bernice and the other half to Johnny and his wife. Bernice eventually deeded her half over to Johnny who continued to farm the entire eighty acres. Rose Ann received, in joint tenancy with her mother, title to a house in Loving and was named joint tenant with her mother on a savings account. Three years after the father's death, a lease was executed for the extraction of oil and gas beneath the farm property, and in 1978 a gas well "came in." Thereafter Rose Ann asserted an interest in the property and instituted this action.

There is no contention that a written express trust ever existed. Rose Ann alleges, however, that when her father signed deeds to the farm, he created an oral express trust which required her brother to hold half the property for her benefit. She bases her claim on her understanding that: the father intended to treat his children equally; he hesitated to leave a portion of the farm to Rose Ann because he mistrusted her husband; he discussed with an attorney the possibility of deeding the property to his wife for her life with the remainder in equal shares to the children, although he never pursued that option; and, Johnny told Rose Ann she would get something from the gas well if anything came of it.

■ We have repeatedly stated that on appeal, presumptions are in favor of sustaining the verdict of the trial courts. *Durrett v. Petritsis*, 82 N.M. 1, 474 P.2d 487 (1970). But no evidence was presented to show that the father ever expressed an intention that Johnny should hold half the property in trust for Rose Ann. No direct evidence supports the court's conclusion that an express oral trust was created by her father. The evidence here is certainly not "strong, cogent, and convincing." *Portales Nat. Bank v. Beeman*, 52 N.M. 243, 196 P.2d 876 (1948). Findings of fact will ordinarily not be disturbed on appeal, but they must be supported by substantial evidence. *Boone v. Boone*, 90 N.M. 466, 565 P.2d 337 (1977). Because the court's finding of an express oral trust is not supported by substantial evidence it must be overturned.

There was testimony that the father intended to treat his children equally. This testimony may have persuaded the court that had the father known of the valuable oil and gas deposits he would have divided them equally between son and daughter. However, no evidence exists suggesting that he knew of the gas deposits. It is speculative to suggest he intended to divide something of which he had no knowledge. Findings of a trial court may not rest on speculation or conjecture. *Otto v. Otto*, 80 N.M. 331, 455 P.2d 642 (1969).

■ We likewise find no substantial evidence in the record supporting the establishment of a resulting trust.

A resulting trust arises when the legal estate in property is disposed of, conveyed, or transferred, but the intent appears or is inferred from the terms of the disposition or from accompanying facts and circumstances that the beneficial interest is not to go, or be enjoyed, with the legal title. (Citations omitted.)

*McCord v. Ashbaugh*, 67 N.M. 61, 65, 352 P.2d 641, 644 (1960). Once again, no evidence shows that the father intended that Rose Ann share in the beneficial interest of the property. The evidence does suggest that the father treated his children equally in that Rose Ann received, as a joint tenant with her mother, title to the house in Loving and cash savings which approximately equaled the value of the farm at the time of the father's death. The evidence does not indicate that the father intended for Rose Ann to share equally in the farm also.

A constructive trust would be inappropriate as well. In order for a constructive trust to be imposed, fraud or overreaching must be shown, and the evidence does not suggest that Johnny engaged in such conduct. *Boardman v. Kendrick*, 59 N.M. 167, 280 P.2d 1053 (1955). It would create havoc in the law for this Court to allow the redistribution of assets conveyed by a parent to his children without stronger evidence that the parent desired perpetual equality between his children. Obviously the father attempted to divide his property as best he could with his understanding of the circumstances as they existed at the time. He could have pursued many other options but he did not. We cannot by legal fiat vest the father with a vision of the future made available to the present court by virtue of hindsight.

The record fails to show any substantial evidence to support the court's finding of an oral trust, or to allow the establishment of either a resulting or a constructive trust. The judgment of the trial court is therefore reversed.

IT IS SO ORDERED.

EASLEY and FEDERICI, JJ., concur.