[No. 2518.   Oct. 22, 1921.]

## MORROW v. MARTINEZ.

### SYLLABUS BY THE COURT.

It is the duty of the trial court, in a case tried to it, to make specific findings of fact and conclusions of law sufficiently specific to enable the appellate court to review the decision upon the grounds upon which it was made below.

Roberts, C. J., dissenting.

Appeal from District Court, Colfax County; Lieb, Judge.

Action by John Morrow against Severino Martinez. Judgment for plaintiff, and the defendant

appeals. Reversed and remanded, with instructions to set aside the judgment and upon due notice to make findings of fact and conclusions of law in accordance with Code 1915, § 4197, and to enter judgment thereon.

Bickley & Kiker and A. C. Voorhees, all of Raton, for appellant.

Morrow, Merriau & Sadler, of Raton, for appellee.

## OPINION OF THE COURT.

PARKER, J. This is an appeal from the district court of Colfax county from a judgment quieting the title of the appellee to a portion of the Mora Grant. The appellee, plaintiff below, alleged that he was the owner in fee simple of the premises in question, and pleaded and relied upon three distinct sources of title, viz.: (1) Tax proceedings; (2) court proceedings consummated in a special master's deed; and (3) adverse possession under color of title. The appellant, defendant below, put in issue the allegations of the complaint by his answer. He also filed a cross-complaint, but, as it was afterwards voluntarily dismissed, it need not be considered. At the close of appellee's case the appellant demurred to the evidence and moved to dismiss the compaint. The demurrer to the evidence and motion to dismiss were overruled by the court, and, the appellant electing to stand upon his demurrer and motion, judgment was entered for the appellee.

Prior to entry of judgment appellant requested the court to make findings of fact and conclusions of law as a basis for the proposed judgment. This was refused by the court, and no findings of any character were made, except the general one that the appellee was the owner of the premises in fee simple.

The appellant complains of the refusal of the trial court to make findings of fact and conclusions of law

as requested. Appellee seeks to justify the refusal of the court to make such findings and conclusions upon two considerations, viz.: (1) That in cases where a demurrer to the evidence is interposed, the demurrer admits the truth of the facts shown by the evidence for the opposing party, and that therefore there is no issue of fact before the court; and (2) that, where no prejudice results to the party requesting findings, no complaint can be made of the refusal. Authorities are cited in the brief from some of the other jurisdictions in support of these propositions. We do not deem these authorities controlling, however, either upon principle or as authority. We have in this jurisdiction a statute governing this proposition, which is section 4197, Code 1915, and which among other things provides:

"Upon the trial of any question of fact by the court, its decision must be given in writing and filed with the clerk in the cause, and in such decision the court shall find the facts and give its conclusions of law pertinent to the case, which must be stated separately, but the findings of facts and the giving of conclusions of law may be waived by the several parties to the issue, by suffering default or by failing to appear at the trial, or by consent in writing, or by oral consent in open court, entered in the record."

It is apparent that this statute imposes a duty upon the court without request to make findings of fact and conclusions of law in every case tried by the court involving questions of fact. It is a right which the successful party has to have the court make such a record as will support the judgment, and it is a right the unsuccessful party has to have the court make such a record as will enable him to review the action if he so elects. This section of the statute was carefully considered in Luna v. Cerrillos Coal Railroad Company, 16 N. M. 71, 113 Pac. 831, and it was there held that this section required the court to make findings of the essential or determining facts on which its conclusion in the case was reached specific enough to enable this court to re-

view its decision on the same grounds as those on which it was made. The history of the section and the reasons for its adoption are therein pointed out. It is true that in that case there was no demurrer to the evidence and motion to dismiss the declaration, and there were issues of fact before the court supported by proof on both sides, but we fail to appreciate any distinction between that case and the case under consideration affecting this proposition. Although the demurrer to the evidence may for some purposes be held to amount to an admission of the facts which it tends to establish, that admission goes only to the extent of furnishing a rule for determining what the facts in the case are. The court under such circumstances may well assume that the facts shown are true. But this principle does not reach the question at hand. The question is, What are the facts, and what legal conclusions should be drawn from them? To have the court show by the record these matters is a statutory right in all cases tried to the court, and the district court must, when properly requested, comply with the provisions of the law.

For the reasons stated the judgment of the court will be reversed, and the cause remanded, with instructions to set aside the judgment, and upon due notice to the parties to make findings of fact and conclusions of law in accordance with section 4197, Code 1915, and to enter judgment thereon; and it is so ordered.

RAYNOLDS, J., concurs.

ROBERTS, C. J. (dissenting). The only point decided by the court is upon the question of practice, and the conclusion is that the case should be reversed and remanded to the district court in order that findings of fact may be made. No attempt is made by the court to pass upon the many other ques-

tions presented by appellant's brief, and I presume that, in the natural sequence of events when the findings are made by the court and judgment entered upon such findings, the case will then come again to this court for a review of the other questions already briefed and presented.

The effect of the opinion in this case is to establish the practice in this jurisdiction that in every case in which evidence is introduced the court must make findings of fact, although under the evidence in the case no question of fact is presented for determination. The statute provides (section 4197, Code 1915) :

"Upon the trial of any question of fact by the court, its decision must be given in writing and filed with the clerk in the cause, and in such decision the court shall find the facts and conclusions of law pertinent to the case. *    *"

The error in my judgment in the majority opinion is in the assumption that, when the court passes upon a demurrer to the evidence, it thereby is trying a question of fact. For if such be the effect of the action of the court on the demurrer, such action in a law case would be a clear invasion of the province of the jury, because by both the Constitution and statute the jury is made the exclusive trier of questions of fact. The only authority cited for the conclusion is the case of Luna v. Cerrillos R. R. Co., 16 N. M. 71, 113 Pac. 831, but that case is clearly not in point, for there no demurrer to the evidence was interposed, and in deciding the case the court was passing upon a question of fact, where under the statute his mandatory duty was to make findings of fact if so requested. There is a wide distinction indeed between the duty and province of the court in passing upon a demurrer to the evidence and in deciding a disputed question of fact upon a conflict in the evidence. In passing upon a demurrer the court does not weigh the evidence. A demurrer to

the evidence admits all facts which the evidence
tends to prove, or of which there is any evidence,
however slight, and all inferences which can be
logically and reasonably drawn from the evidence,
and no regard is to be paid by the court to the evi-
dence in favor of the demurrant. That is to say, if
there is conflict in the evidence, the conflict is to be
resolved in favor of the party against whom the
demurrer is interposed, and no heed is to be given
by the court to any evidence favorable to the party
interposing the demurrer. By interposing a de-
murrer the party so doing withdraws from the con-
sideration of the court all evidence offered by him,
and admits as true whatever facts the evidence ad-
duced by the opposite party tends to prove, and all
reasonable inferences which may be drawn there-
from, and asks for a decision of the law upon such
admitted facts. This statement of the effect of a
demurrer to the evidence is amply sustained by the
authorities, and I know of no authority to the con-
trary. I cite in support of it Lake Shore & Michigan
Southern Railway Co. v. Foster, 104 Ind. 293, 4 N.
E. 20, 54 Am. Rep. 319, and authorities there
collected; Pawling v. U. S., 4 Cranch. (U. S.) 219,
2 L. Ed. 601, 2 Tidd's Prac. 865; Copeland v. New
England Ins. Co., 22 Pick. (Mass.) 135. See, further,
Century Digest, vol. 46, under the subject of Trial,
Key-Nos. 355, 356, where many authorities will be
cited, all to the effect that in passing upon the de-
murrer the court does not weigh the facts, but
simply decides as a matter of law whether the evi-
dence, assuming it to be true, warrants a judgment
or verdict for the plaintiff, or the party against
whom the demurrer is interposed. This being true, in
passing upon the demurrer the court is not passing
upon a question of fact, but of law. It is like the
court, for example, passing upon a demurrer to the
complaint. All the facts alleged in the complaint
are to be taken as true, and so doing, the court de-

termines as a matter of law whether the facts stated would entitle the plaintiff to recover. The majority opinion says that—

"Although the demurrer to the evidence may for some purposes be held to amount to an admission of the facts which it tends to establish, that admission goes only to the extent of furnishing a rule for determining what the facts in the case are. The court under such circumstances may well assume that the facts shown are true, but this principle does not reach the question at hand. The question is, what are the facts, and what legal conclusion should be drawn from them? To have the court show by the record these matters is a statutory right in all cases tried to the court, and the district court must, when properly requested, comply with the provisions of the law."

I think the majority opinion by this quoted statement contemplates that, after ruling on the demurrer and deciding it either for or against the demurrant, the court would thereupon be required to determine as an original question the weight to be attached to the evidence in the case. In other words, assuming that there was some conflict in the evidence and the defendant demurs thereto, which demurrer is overruled upon the assumption by the court, and the necessary admission by the defendant, that the evidence favorable to the plaintiff was true, as well as all reasonable inferences to be drawn therefrom, that the court must then weigh the evidence and give judgment for or against the plaintiff, not upon the demurrer, but upon the weight he gives to the evidence for and against the plaintiff. This appeals to me as a novel proposition indeed. If such be the rule, then the interposition of a demurrer to the evidence is a useless formality, and settles and determines nothing. For after ruling upon it, the court and the parties are in exactly the same situation as though the case was submitted to the court upon the evidence for determination. In the case of Lake Shore & Michigan So. Ry. Co. v.

Morrow v. Martinez, 27 N. M. 354

Foster, 104 Ind. 293, 4 N. E. 20, 54 Am. Rep. 319, the court said:

"In passing upon a demurrer to evidence, the court is called upon to rule upon a question of law, and hence there must be no conflict as to the evidence. If a party seeks to make available a conflict in the evidence as to any fact, he must go to the jury or to the court sitting as a trier of the facts. If he resorts to a demurrer to the evidence, he thereby withdraws all evidence in conflict with the evidence which tends to establish a fact in favor of the other party."

I concede that under the modern practice a demurrant may demur to the evidence and invoke the ruling of the court, and, upon such ruling being adverse to him, waive the demurrer and introduce evidence. But such is not the case here, as the parties elected to stand upon the demurrer, the effect of which was to invoke the judgment of the court on the admitted facts, and thus secure the right to a review in this court upon the propriety of the action of the court in overruling the demurrer. If it would be incumbent upon the court to find the facts in writing after overruling the demurrer, the same rule would necessarily require a finding of facts where the demurrer was sustained and what, I ask, would be the result if the facts found should disagree with the evidence, the truth of which was necessarily admitted by the defendant? In case a stipulation of facts is filed in a case and a finding is made, which all the authorities hold not required, and the finding conflicts with the stipulated facts, the rule is that the stipulation controls. Seward v. Rheiner, 2 Kan. App. 95, 43 Pac. 423.

It appears to me that we would have an anomalous situation presented, in an action at law by a jury, where upon the conclusion of the plaintiff's case the defendant should interpose a demurrer to the plaintiff's evidence. The court for example sustains the demurrer. Could it be contended that nevertheless there would be an issue of fact in the case for the

jury to pass upon? If not, would there be an issue of fact in the case for the jury to determine if the court should overrule the demurrer and the defendant should elect to stand upon the ruling? Would it then become essential for the court to submit the case to the jury to pass upon the facts, and what would be the result if the jury should disagree with the court, and hold that the evidence, if true, did not warrant a recovery for the plaintiff? Many cases might be cited to the effect that findings are unnecessary upon a judgment of dismissal or nonsuit, or where the parties stipulate as to the facts in the case, or where a case is submitted upon an agreed statement of facts. The cases may be found in notes to 8 Standard Ency. of Proc. pp. 998, 999, and these cases were decided under statutes in substance and effect like our section 4197. As in my judgment the court in passing upon the demurrer and later entering judgment on its ruling thereon was not trying a question of fact, but one of law, for which reason it was not required by the statute in question to make findings of fact, I dissent from the majority opinion.