[No. 3322.   May 15, 1929.]

APODACA v. LUERAS.

[278 Pac. 197.]

Brown & La Follette, of Albuquerque, for appellant.

Dennis Chavez, of Albuquerque, for appellee.

## OPINION OF THE COURT

SIMMS, J.    From a judgment in favor of plaintiff, appellee here, rendered by the trial court sitting without a jury, for the sum of $875 compensatory and $500 additional as punitive damages, by reason of personal injuries sustained in a collision between plaintiff's bicycle and defendant's automobile, defendant appeals.

Errors assigned by the appellant have been treated by him in his brief under four general headings, to-wit: (a) That the plaintiff was guilty of negligence per se in riding his bicycle after dark without a light, in violation of a city ordinance.    (b)  That under the facts of this case, punitive damages should not have been awarded.    (c)  That the plaintiff's negligence was the sole and proximate cause of the injury.    (d)  That the trial court erred in failing to make findings of fact in this cause, after refusing the appellant's requested findings.

Appellant has briefed and argued all four of his points, while the appellee has confined his reply to (a), (b), and (c) only, and in his brief we find no mention made of (d), which is the decisive and vital question in this case, and a discussion of which will render examination of the other three questions unnecessary.

In this case, where jury was waived, the learned trial judge made no findings whatever, but, after overruling the twenty requests of appellant for specific findings, entered judgment against the appellant for compensatory and punitive damages, as above stated.    The only findings or conclusions which might be said to be contained in the judgment itself are in general terms, as follows:

"And the Court, knowing the law and the facts, orders that judgment be entered herein in favor of the plaintiff in accordance therewith."

In Luna v. Cerrillos Coal Railroad Co., 16 N. M. 71, 113 P. 831, the only finding made was the general finding in the judgment, as we have in the present case. There, appellant had requested findings which the court had refused to make. In reversing the cause, the court said:

"The findings made amount to no more by way of information to this Court than would a verdict of not guilty, if the case had gone to a jury. We should have to search through the record of upwards of four hundred pages, to determine whether it contains anything which will support the judgment of the District Court, and, having done that, we should still be in the dark as to whether what we might conclude to be the determining facts are those which the trial court treated as such; or, in other words, whether we are reviewing the findings of fact really made by the trial court, or substituting others made by ourselves. In effect, the findings made are conclusions of law from the facts which must have been found by the trial court in order to reach the conclusions announced, but which are not disclosed. * * * We conclude, then, that this court must either retry the case on all the evidence in the record, or remand it for specific findings of fact. Even if we were disposed to take the former course, and had the right to take it, it would not be just to the parties, since we should lack the great aid to judgment on the value of evidence, as to material facts in the case, which the trial court had through the presence before it of the witnesses as they gave the evidence."

See, also, Morrow v. Martinez, 27 N. M. 356, 200 P. 1071; Merrick v. Deering, 30 N. M. 431, 236 P. 735; and Springer Ditch Co. v. Wright, 31 N. M. 460, 247 P. 270.

Tested by the foregoing authorities, what do we find in the case before us? First, we find an award of punitive damages in a substantial sum of money. An examination of the entire testimony discloses nothing which, on the face of the testimony, could justify such an award. But it may have been that the manner and demeanor of the witnesses as they gave their testimony caused the trial court to believe that maliciously inflicted injury was proven. How can we tell what was in the trial judge's mind as a result of the testimony, where he made no findings? Again, a question arose as to whether it was dark at the time of the accident, so as to make material the question of appellee's failure to carry a light on his bicycle. How dark was it? We cannot tell what the trial court believed about it without a finding on the question. As to both the above matters, and as to others, appellant tendered specific findings, which were refused. There the court stop-

ped, without making findings sufficiently specific to enable us to examine into these matters. It is just such a condition of affairs that our statute was enacted to prevent. Section 4197, Codification of 1915, in so far as relevant, reads as follows:

"Upon the trial of any question of fact by the court, its decision must be given in writing and filed with the clerk in the cause, and in such decision the court shall find the facts and give its conclusions of law pertinent to the case, which must be stated separately, but the finding of facts and the giving of conclusions of law may be waived by the several parties to the issue, by suffering default or by failing to appear at the trial, or by consent in writing, or by oral consent in open court, entered in the record. And upon the trial of any cause by the court, without a jury in common law cases, each party shall have the right to make all objections and take all exceptions that he might have made or taken, as if the trial had been before a jury; and upon a review, by writ of error, in the supreme court, or by appeal, the said supreme court shall hear and determine the said cause in the same manner and with the same effect as if it had been tried before a jury."

If this case had been tried to a jury, the court, upon seasonable request of counsel, would have been obliged to instruct the jury properly as to the law governing the case. Counsel could have complained of any instruction given or refused in the course of the trial, and, by properly preserving the question, could have reviewed the trial court's action here. We would not be called upon to try the facts, but we would be in position to test the correctness of the trial court's view of the law of the case. So in cases tried by the court without a jury, in order to prevent the appellate court acting as a trier of facts and to preserve for review the vital questions raised in trial, our statute has wisely required that findings of fact be made in writing, unless waived in writing or by oral consent in open court, entered in the record. At a glance it will be observed that the lawmakers endeavored to prevent inadvertent waiver of this important duty by requiring oral consent, if given, to be "in open court, entered in the record."

██ Our next inquiry is whether or not appellant is in position to avail himself of his objection and assignment. He neither waived by written or oral consent. He demanded specific findings, and excepted to the court's refusal to make each of them. It is true he did not move

the court to discharge its statutory duty after the court had rejected all of appellant's proposed findings. But we hold he did not have to do so under the circumstances. His desire for findings was sufficiently made known when he demanded twenty of them. Whether any or all of them were right or wrong, the trial court could not help having its attention sharply drawn to the fact that appellant was trying to make his record as the statute required, so as to avail himself of it, should appeal be necessary. It became the duty of the court to make findings and conclusions. There was no ground for assuming that appellant waived the performance of this duty.

In the case of Bank of Commerce v. Baird Mining Co., 13 N. M. 425, 85 P. 970, this court held that the statute, section 4197, Codification of 1915, was not mandatory. That decision was based, however, upon the proposition that appellant had not, in any manner whatsoever, drawn the attention of the trial court to the fact that it desired findings. So in the case of Radcliffe v. Chaves, 15 N. M. 262, 100 P. 699, the same situation presented itself. In neither of these cases was the appellant diligent in presenting the matter to the lower court, but, on the contrary, in each of them, it was not done in any way, and advantage was sought to be taken in the appellate court. In the present case, appellant did all that was required of him below to make and preserve the question for review.

In the case of Fraser v. State Savings Bank, 18 N. M. 340, 137 P. 592, we said that the court is only required to find "the ultimate facts" in the controversy. Some misunderstanding of the term "ultimate" may have arisen. In the present case, the first twelve proposed findings submitted by appellant bear the indorsement "Refused; not an ultimate fact." Several of these findings were unquestionably proper, such as the one finding the time of day the accident occurred; another finding that a certain ordinance was in effect in the city of Albuquerque, which was admitted in evidence without objection; another which found that plaintiff had no light on his bicycle, etc. Failure to find these pertinent and determining facts evidently grew out of the misapprehension of the trial court as to the effect of section 4197, supra.

Of course, the trial court is expected and required to decide and find what the controlling facts of a case are, in order to render judgment. It is not expected that the court will incumber the record with useless and trivial findings, which, if made, would not affect the outcome. Nor do we intend to say that simply designating the winner of the suit is deciding the "ultimate fact." In one sense it may be true, but in the sense in which it was used in the Fraser Case, "ultimate facts" means those basic and controlling facts necessary to be found in order to intelligently apply the law to them and render judgment. Or, as stated in Morrow v. Martinez, 27 N. M. 356, 200 P. 1071, it is the trial court's duty to make findings of the essential or determining facts, on which its conclusions in the case was reached, specific enough to enable this court to review its decision on the same grounds as those on which it stands. The practice of many attorneys of tendering to the trial court great numbers of requested findings and conclusions is not to be commended. The court ought to reject those which are not important in the decision of the case. It generally happens that the vital points of a trial can be covered in a few findings and conclusions. But they must be made in some form, unless waived, else we will have no way of testing the correctness of the decision below.

In Board of Trustees v. Garcia, 32 N. M. 124, 252 P. 478, appellant tendered to the lower court proposed findings on all 90 titles involved in that litigation, grouped together under the most general treatment, and not in any manner specific as to each of the various titles involved. They were really a mixture of general findings with conclusions of law. The court very properly rejected them all, and entered a judgment against appellant, which judgment contained about as specific findings and conclusions as those proposed. Where the litigant, by the general nature of his proposals for findings and conclusions, practically invites the court to decide the cause without specific findings, he sets the pace, and cannot complain if the court follows it. Applied to the facts of that case, the conclusion reached was sound, although the syllabus might be amplified to show that the proposals for findings made

by appellant were not specific, but were general. We conclude that there is nothing said in the foregoing case which controls the present one before us.

Finding, as we do here, that appellant requested findings, in form sufficiently specific to call the court's attention to his desire to make and preserve his record, we conclude that the court should have complied with the provisions of section 4197, Codification of 1915, and that there is no ground upon which to predicate waiver of omission of duty by appellant. Such error deprived the appellant of his record on review.

Inasmuch as the trial judge who heard the cause has retired from the bench, we cannot remand the cause for findings, and can only reverse and remand it for a new trial, and it is so ordered.

BICKLEY, C. J., and CATRON, J., concur.

PARKER and WATSON, JJ., did not participate.