326 P.2d 95

Vernon F. JONTZ, Plaintiff-Appellee,

v.

Leo ALDERETE, Intervenor-Appellant, Benjamin Padilla, Defendant.

No. 6227.

Supreme Court of New Mexico.

March 18, 1958.

Rehearing Denied June 16, 1958.

Irwin S. Moise, Lewis R. Sutin, J. L. Leftow, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for appellee.

KIKER, Justice.

On May 3, 1957, at about 7:15 p. m. the plaintiff, Vernon Jontz, was driving his car east on Fruit Avenue in the city of Albuquerque, New Mexico. The defendant, Benjamin Padilla, was driving north on Seventh Street. The intervenor, Leo Alderete, a co-worker of the defendant, was being driven home by the defendant at the end of the working day.

Fruit Avenue and Seventh Street intersect at right angles. There are no traffic controls at this intersection and the speed limit is 25 miles per hour as stipulated to by the parties.

The two autos collided and each sustained damage on the front corner and wheel and on the right rear. The plaintiff's car turned and went directly north after the impact. The defendant's car proceeded to the northeast corner of the intersection, over the sidewalk and through a small picket fence.

As to the events immediately preceding the collision, there is some conflict in the evidence. The plaintiff glanced to the right at a time when he could see around the corner and for a distance of 100 to 125 feet. He glanced to the left and then to the right again. He was two car lengths or about 30 feet from the crosswalk when he saw the defendant's car approaching at a slightly greater distance from the intersection than he was himself. Plaintiff applied his brakes causing the car to skid. The skid marks measured 43 feet to the point of impact. The plaintiff alleges that his auto actually skidded some 33½ to 35 feet since it is necessary to subtract from the total skid mark a length equal to the wheel base of his car.

Conflict in the evidence exists especially as to the speed at which the parties were traveling. Defendant states that the plaintiff did not think that he was going more than 20 miles per hour when entering the intersection and 10 miles per hour at the point of impact. Plaintiff now believes this estimate was wrong. An expert witness for the plaintiff stated that if the vehicle was traveling at 10 miles per hour at the point of impact it must have been traveling at about 35 miles per hour when the brakes were applied. In his appeal brief the plaintiff argues that there is substantial evidence that he was traveling between 20 and 25 miles per hour when the brakes were applied.

The defendant first saw the other car when the plaintiff was about 15 to 20 feet from the intersection and the defendant was about 15 feet from the intersection. The defendant told a police officer that he was going 30 miles per hour. The defendant's car left marks on the street but no skid marks.

Plaintiff brought suit against the defendant seeking to recover for damages to his auto as a result of the collision. The defendant filed an answer in denial and an affirmative defense of contributory negli-

gence and a counterclaim for property damage. The intervenor filed a complaint in intervention seeking damages for personal injuries. Plaintiff answered setting up the affirmative defense of joint venture, contributory negligence and unavoidable accident.

The court made its findings of fact and conclusions of law to the effect that neither the plaintiff nor the defendant were negligent and that the accident was unavoidable and dismissed the plaintiff's complaint, the counterclaim of the defendant and the complaint in intervention. The intervenor appealed.

As his first point on appeal, the intervenor-appellant contends the finding of fact of the trial court that the plaintiff-appellee drove his car easterly in the intersection ahead of the defendant does not support the conclusions of law and the judgment based thereon that the appellee and the defendant were not both negligent.

The court made the following findings of fact and conclusions of law:

"Court's Findings of Fact

"The Court finds the facts to be:

"1. That the Plaintiff, Vernon F. Jontz, on May 3, 1955, was driving his 1951 Chevrolet automobile in an easterly direction on Fruit Avenue Northwest in the City of Albuquerque, New Mexico, and while so doing entered the intersection of the said Fruit Avenue

and Seventh Street Northwest, Albuquerque, and had driven said vehicle into and passed the center of said intersection, a distance of nineteen feet from the extension of the west curb-line of Seventh Street, when the Defendant, Benjamin Padilla, traveling in a northerly direction, drove his 1951 Ford automobile against the right front fender of the Plaintiff's car, having proceeded into the intersection a distance of nine feet from the extension of the south curb-line of Fruit Avenue.

"2. That the Plaintiff's vehicle entered the intersection prior to the entry therein of the Defendant's vehicle.

"3. That the Intervener, Leo Alderete, was riding as a guest in Defendant's automobile at said time and place.

"4. That by stipulation of counsel pages 44 and 45 of the January, 1955 Insurance Law Journal were introduced into evidence.

"5. That the speed limit in the area in which the accident occurred was at that time twenty-five miles per hour.

"Court's Conclusions of Law

"The Court concludes as a matter of law that:

"1. The Defendant, Benjamin Padilla, was not negligent in the premises.

"2. The Plaintiff, Vernon F. Jontz, was not negligent in the premises.

"3. The accident was unavoidable.

"4. The complaint of the Plaintiff, the Counterclaim of the Defendant and the Complaint in Intervention of Leo Alderete should be dismissed."

We agree with the contention that the findings of fact are not sufficient upon which to base a conclusion of negligence. Were the evidence of record such we would remand the case with the order that the findings be corrected to be sufficient for the purpose, or the case retried in order to develop the facts sufficiently.

█ The following cases illustrate that which may be properly done when the facts found do not support the judgment.

In Naffke v. Naffke, 240 Minn. 468, 62 N.W.2d 63, 65, the court said:

"Before a judgment can be sustained on appeal, the conclusion upon which it is based must find support in the findings of the trial court."

The case involved a divorce proceeding wherein an award for support was made. The court reversed that part of the judgment because no finding was made as to the financial status of either party. A finding on this point was an essential fact necessary to reach a conclusion as to proper award.

In Apodaca v. Lueras, 34 N.M. 121, 278 P. 197, 199, the lower court made no finding of fact whatever. In reversing that case, the court said:

"Of course, the trial court is expected and required to decide and find what the controlling facts of a case are, in order to render judgment. It is not expected that the court will incumber the record with useless and trivial findings, which, if made, would not affect the outcome. Nor do we intend to say that simply designating the winner of the suit is deciding the 'ultimate fact.' In one sense it may be true, but in the sense in which it was used in the Fraser Case [Fraser v. State Savings Bank, 18 N.M. 340, 137 P. 592], 'ultimate facts' means those basic and controlling facts necessary to be found in order to intelligently apply the law to them and render judgment. Or, as stated in Morrow v. Martinez, 27 N.M. [354] 356, 200 P. 1071, it is the trial court's duty to make findings of the essential or determining facts, on which its conclusions in the case was reached, specific enough to enable this court to review its decision on the same grounds as those on which it stands."

██ In this case the court concluded that neither party was negligent but the findings do not support this conclusion. Appellee contends that they do but in so urging he makes constant references to the testimony to find the elements which he contends that the findings are not lacking in. In Sundt v. Tobin Quarries, 50 N.M. 254, 175 P.2d 684, 686, 169 A.L.R. 586, we said:

"A finding of fact must be complete within itself, without reference to the testimony."

The record contains much contradictory evidence as to the speed at which the vehicles were traveling when they entered the intersection. The findings are silent on this point as they are on such other important points as to right of way to which the respective parties were entitled, the duty of care, or the manner in which each party was operating his auto.

Without such findings on these points it is impossible to conclude as did the court below that there was no negligence and that the accident was unavoidable.

It is not the purpose of this Court to sift through the evidence in an attempt to determine what facts support the conclusions reached by the court below. Findings of fact are required to prevent the appellate court from acting as the trier of fact. Apodaca v. Lueras, supra.

In his next two points on appeal the appellant contends that where the plaintiff and the defendant are both negligent an accident resulting from their negligence is not unavoidable and the appellant is entitled to recover from the plaintiff when the appellant's injuries and damage were proximately caused by the negligence.

We have stated that the findings of fact are incomplete. The trier of fact, in this case the court sitting as the jury, left unanswered several factual questions raised by conflicting evidence. Without an answer to these questions of fact it is impossible to reach any conclusion as to the rights of the parties. This Court will not originally determine the questions of fact in a case. Such function lies entirely within the province of the trial court. Were the evidence of record such as to enable the lower court to correct these incomplete findings, the case would be remanded with the direction that the error be remedied. Careful study of the record indicates that there was no evidence upon which further findings could be made.

It is therefore ordered that the cause be remanded for a new trial in order that sufficient facts may be taken in evidence to enable proper findings of fact to be made and conclusions of law to be entered.

It is so ordered.

J. V. GALLEGOS, District Judge, concurs.

COMPTON, J., dissents.

LUJAN, C. J., not participating.

McGHEE, Justice (specially concurring).

The conclusions that neither the plaintiff nor defendant was negligent should be treated as findings of fact, as well as the one wherein it is stated the collision was an unavoidable accident.

I do not, however, agree with them. The record shows the collision was caused by the

negligence of one or both drivers, and there is no support in my opinion for a finding that this was an unavoidable accident.

This judgment should be reversed and remanded for a new trial before a jury or another judge.

If the collision was caused by Padilla's negligence alone then the intervenor could not recover because of the guest statute, but if it was caused by the negligence of the plaintiff or the concurring negligence of the plaintiff and Padilla, then judgment should go against the plaintiff.

For the above reasons alone I concur in a reversal of the judgment.