349 P.2d 126

**Walter K. ISAAC and Heber Norton, Plaintiffs-Appellants,**

**v.**

**Aurelia SEGURITAN, Administratrix of the Estate of Augustin Garcia, Deceased, Defendant-Appellee.**

No. 6633.

Supreme Court of New Mexico.

Feb. 3, 1960.

Cotter, Hendley & Farley, Albuquerque, for appellants.

Walter K. Martinez and John V. Coan, Grants, for appellee.

MOISE, Justice.

Suit was filed by Walter K. Isaac and Heber Norton to recover for injuries and other losses suffered in a collision between the car being operated by plaintiff Isaac and in which plaintiff Norton was a passenger and a car being driven by Augustin Garcia, of whose estate defendant is administratrix. Garcia died in the accident and defendant filed a counter-suit seeking damages for his death.

The case was tried to the court without a jury and at the close of plaintiffs' case a motion to find the issues in favor of defendant was sustained. The court also dismissed the counterclaim.

In requested findings of fact and conclusions of law both plaintiffs and defendant raised the question of proximate cause and its importance to a finding that negligence of the defendant either proximately caused the injuries and losses of plaintiffs, or on the other hand that it did not, and also that contributory negligence of plaintiff Isaac either contributed proximately to the injuries and thereby barred recovery, or did not so contribute.

Notwithstanding these efforts the court limited itself to the following four findings of fact and three conclusions of law:

"Findings of Fact

"1. That at the time and place of the accident involved herein the vehicle driven by defendant's decedent was eight feet across the center line of the highway on the wrong side of the highway.

"2. That at the time and place of the accident herein involved the vehicle of the plaintiff, Walter K. Isaac, was being driven and operated at an excessive rate of speed.

"3. That the plaintiff, Walter K. Isaac, was operating his vehicle while under the influence of intoxicating liquors.

"4. That both plaintiff and defendant's decedent were negligent.

"Conclusions of Law

"1. That the Court has jurisdiction of the subject matter and the parties.

"2. That the case should be dismissed due to the negligence of both parties.

"3. All Findings of Fact and Conclusions of Law inconsistent herewith are hereby denied."

Judgment pursuant to these findings was duly entered.

Plaintiffs appealed and here complain that the court committed error in concluding that they could not recover and their action should be dismissed while at the same time having failed to find that any negligent acts which plaintiff Isaac was

412

found to be guilty of contributed proximately to the accident.

■ That it is not enough to deny a plaintiff a right to recover that he was negligent is no longer open to question. Any negligence of which he was guilty must have contributed proximately to his injuries before he is to be denied recovery or, as stated in Williams v. Haas, 52 N.M. 9, 189 P.2d 632, 634, "In order to bar recovery, there not only must be negligence on plaintiff's part but causal relationship as well between that negligence and the injuries complained of." See also the case of Terry v. Bisswell, 64 N.M. 153, 326 P. 2d 89, and the recent case of Sandoval v. Brown, 66 N.M. 235, 346 P.2d 551.

■ In the light of this rule it would seem abundantly clear that a conclusion of dismissal because of negligence and without a finding of causal relation is defective. As was said in Consolidated Placers, Inc. v. Grant, 48 N.M. 340, 151 P.2d 48, 53, "conclusions of law must be predicated upon, and supported by, findings of fact."

The case is very similar to Jontz v. Alderete, 64 N.M. 163, 326 P.2d 95, except in that case the trial court concluded that neither plaintiff nor defendant were negligent and that the accident was unavoidable. Upon appeal this Court concluded that the findings of fact were not adequate to serve as a basis for a conclusion concerning negligence and the case was remanded so that

additional evidence could be taken to permit findings of fact on this question. In the decision the case of Apodaca v. Lueras, 34 N.M. 121, 278 P. 197, where the rules concerning findings were laid down is cited and quoted, as was Sundt v. Tobin Quarries, 50 N.M. 254, 175 P.2d 684, 169 A.L.R. 586. These cases and the quotations therefrom are equally pertinent here.

■ In the instant case we are of the opinion that the court had sufficient evidence to make the requisite findings and accordingly it will only be necessary to remand the case so that this can be done. This was the disposition made in the case of Jones v. Friedman, 57 N.M. 361, 258 P.2d 1131, where the court had failed to make necessary findings, and would have been the disposition in Apodaca v. Lueras, supra, except that the judge who had tried the case was no longer on the bench.

This disposes of the principal point made by appellants. However, complaint is also made that plaintiff Norton was a guest in the car of Isaac and the action of the trial court, in effect, imputed the contributory negligence of the driver to him as passenger. Here again, the absence of findings makes it impossible to pass upon the reasons for denying recovery to Norton. Requests for findings and conclusions concerning his status and rights in the car were submitted by both plaintiff Norton and by defendant, but none were made. Here,

too, the court had sufficient evidence upon which to make findings in this regard, as a basis for its conclusions and should have. done so.

For the reasons herein set forth the cause is remanded for further findings of fact on the issue of proximate causation, and on the issue of Norton's status and rights, and for further proceedings consistent with this opinion and the findings to be made.

It is so ordered.

McGHEE, C. J., COMPTON and CARMODY, JJ., and BRAND, District Judge concur.