445 P.2d 103

Fred J. VALDEZ, Plaintiff-Appellant,

v.

Fabian GARCIA, Jr., Defendant-Appellee.

No. 143.

Court of Appeals of New Mexico.

Aug. 9, 1968.

Rehearing Denied Aug. 30, 1968.

Certiorari Denied Sept. 18, 1968.

Jerry Wertheim, J. E. Gallegos, Jones, Gallegos, Snead & Wertheim, Santa Fe, for appellant.

Elaine F. Hatch, Prince & Hatch, Santa Fe, for appellee.

OPINION

ARMIJO, Judge.

Fred Valdez appeals from judgment entered dismissing his complaint based on cause of action for wrongful conversion of two steers.

Following trial without a jury the court made findings of fact; those material to the issue before us are as follows:

"1. There are two white faced steers involved in this litigation, one of which was originally owned by Juan E. Sisneros and the other by Edwardo Sisneros.

"2. One of the white faced steers was sold by Juan E. Sisneros to the defendant on December 6, 1965, and the other white faced steer was sold by Edwardo Sisneros to the defendant on March 26, 1965 [sic] [1966].

"3. At a later time the two white faced steers were sold by Edwardo Sisneros to

plaintiff on August 15, 1966 [sic] [October 14, 1966]."

These findings, in essence, are those submitted by appellee.

Several claims of error are advanced by appellant as grounds for reversal. Appellant claims good title to the steers was vested in him at the time appellee appropriated them to his own use.

We conclude appellant's point is well taken and since it is determinative of our conclusion we disregard other asserted claims of error.

The record reveals Edwardo Sisneros on December 6, 1965, and his son on March 26, 1966, sold two small steers to appellee; these sales were on condition the steers remain with their mother cows. On October 14, 1966, Edwardo Sisneros sold nine head of cattle to appellant, and gave bills of sale therefor; among these were the same two steers earlier sold to appellee. This sale included the purchase by appellant of the grass where said cattle were pasturing. The steers in question bore Edwardo Sisneros' recorded brand. Sisneros had been engaged in the business of raising and selling cattle for many years. A few days after the sale of the cattle to appellant, appellee took possession of the two steers in question.

The trial court's finding 3 quoted above is not challenged and we accept it as binding upon us. It is this finding which compels a conclusion different from that reached by the trial court.

■ The findings are facts upon which an appeal must be determined. State ex rel. State Highway Comm. v. Pelletier, 76 N.M. 555, 417 P.2d 46 (1966); Hopkins v. Martinez, 73 N.M. 275, 387 P.2d 852 (1963); Hutchison Lumber Co. v. Boney, 72 N.M. 194, 382 P.2d 525 (1963); White v. Wheeler, 67 N.M. 346, 355 P.2d 282 (1960).

The court's findings two and three place ownership in different parties at different times. The point in time with which we are here concerned under the pleadings is on or about October 19, 1966, or the date of the alleged conversion.

Ownership in appellee at a point prior in time furnishes no support for the dismissal of the action because ownership at the time of the taking of the steers was the controlling factor. Appellant was found to be the owner.

Finding three is unequivocal. It states a sale was made to appellant. The term "sale" is defined in § 50A–2–106, N.M.S. A.1953 as:

"(1) * * * A 'sale' consists in the passing of title from the seller to the buyer for a price * * *."

■ The trial court's finding three was not qualified in any manner as being subordinate to the earlier sales. A sale implies the seller's ownership in the thing sold as well as the passing of title therein to the buyer.

Our Supreme Court, in the case of Thompson v. H. B. Zachry Co., 75 N.M. 715, 410 P.2d 740 (1966), said:

"* * * It is fundamental that a judgment cannot be sustained on appeal unless the conclusion upon which it rests finds support in one or more findings of fact. Star Realty Co. v. Sellers, supra [73 N.M. 207, 387 P.2d 319]; Jontz v. Alderete, 64 N.M. 163, 326 P.2d 95; Isaac v. Seguritan, 66 N.M. 410, 349 P. 2d 126; Consolidated Placers v. Grant, 48 N.M. 340, 151 P.2d 48. * * *"

■ Based on the trial court's findings, judgment should have been entered for the plaintiff.

The judgment appealed from is reversed and this cause is remanded with instructions to set aside the judgment to find the amount of appellant's damages and for the entry of new judgment in favor of appellant for the damages so found. Appellant shall recover his costs.

It is so ordered.

OMAN and WOOD, JJ., concur.