445 P.2d 961

Joe H. GALVAN, Guardian ad litem for Carolyn Wright Garner, a minor, Appellant,

v.

Ira B. MILLER, Iva Lucille Miller, Executrix of the Last Will and Testament of Yule N. Miller, Deceased, Ulric F. Miller, Elger E. Miller, and Joetyne M. Wright, Appellees.

Joetyne M. WRIGHT, Appellant,

v.

Ira B. MILLER, Iva Lucille Miller, Executrix of the Last Will and Testament of Yule N. Miller, Deceased, Ulric F. Miller, Elger E. Miller and Joe H. Galvan, Guardian ad litem for Carolyn Wright Garner, a minor, Appellees.

E. E. MILLER, Appellant,

v.

Ira B. MILLER, Ulric F. Miller, and Iva Lucille Miller, Executrix of the Last Will and Testament of Yule N. Miller, Deceased, Appellees.

Iva Lucille MILLER, Executrix of the Last Will and Testament of Yule N. Miller, Deceased, Cross-Appellant,

v.

Elger E. MILLER, Joetyne M. Wright, Carolyn Wright Garner, Joe H. Galvan, Guardian ad litem for Carolyn Wright Garner, a minor, and Ulric F. Miller, Cross-Appellees.

No. 8307.

Supreme Court of New Mexico.

Aug. 26, 1968.

Rehearing Denied Oct. 29, 1968.

Osborn & Laughlin, Roswell, E. Forrest Sanders and William W. Bivins, Las Cruces, for E. E. Miller.

Joe H. Galvan, Las Cruces, for Joetyne M. Wright, and for Guardian ad litem for Carolyn Wright Garner, a minor.

Gratham, Spann, Sanchez & Rager, Albuquerque, for Ira B. Miller and Iva Lucille Miller.

Sutin & Jones, Albuquerque, for Ulric F. Miller.

## OPINION

CHAVEZ, Chief Justice.

Suit was brought in the district court of Lincoln County consolidating two will

contests in the matter of the last will and testament of Fountain Alexander Miller, deceased. The cause was tried to the court without a jury and judgment was entered setting aside a judgment of the probate court, which had admitted the 1952 will of F. A. Miller to probate, and admitting instead the 1946 will of F. A. Miller to probate as a prior valid will. Legatees of the 1952 will appeal, and the representative of a legatee of a 1938 will cross-appeals.

F. A. Miller had four children and heirs, to-wit: Appellant Elger E. Miller; appellees Ira B. Miller and Ulric F. Miller; and Yule N. Miller, whose widow, Iva Lucille Miller as executrix of his estate, is cross-appellant. Other parties to this action are appellant Joetyne M. Wright, the daughter of Elger E. Miller; and appellant Joe H. Galvan, guardian ad litem for Carolyn Wright Garner, a minor, the daughter of Joetyne M. Wright.

After F. A. Miller's death on April 11, 1965, in Lincoln County, Ira B. Miller and Yule M. Miller, as sons and heirs-at-law of F. A. Miller, on August 13, 1965, filed in the district court of Lincoln County a petition in probate No. 37, alleging that in 1936 Alice Miller, the deceased wife of F. A. Miller, and F. A. Miller, for consideration, executed joint and mutual wills, and claimed that these became irrevocable upon the death of Alice Miller. The terms thereof were set forth. It was alleged that the joint will of F. A. Miller had become lost or destroyed and that its whereabouts was unknown, although a diligent search had been made. Petitioners prayed that this will be admitted to probate as the last will and testament of F. A. Miller. In a second cause of action, petitioners alleged that a will of March 10, 1938, devised and bequeathed F. A. Miller's property substantially in accordance with his agreement with Alice Miller and prayed that, if the first will should not be admitted to probate, the 1938 will should be. Petitioners also asked that, if it should be determined there was no valid joint will and F. A. Miller had the right to re-

voke the will of 1938, then a will dated December 16, 1946, should be admitted to probate. If the court were not to comply with the prayers of the first three causes of action, it was asked that the estate of F. A. Miller be probated in accordance with the law of intestacy. E. E. Miller responded to the petition; denied that F. A. Miller and Alice Miller had agreed to execute and had executed joint and mutual wills; admitted that F. A. Miller had executed a will in 1938, but denied that the heirs-at-law, the devisees and legatees thereunder were those alleged by the petition of the proponents to so be; admitted that F. A. Miller had executed a will in 1946, but denied that the heirs-at-law, devisees and legatees thereunder were those alleged by the proponents in their petition to so be; and moved that the court dismiss with prejudice all four of petitioners' causes of action.

On October 1, 1965, cause No. 1111 in the probate court of Lincoln County was docketed in the district court of Lincoln County as probate No. 39. It included a petition filed by E. E. Miller in the probate court on April 26, 1965, seeking the admission to probate of a will executed by F. A. Miller dated April 1, 1952. Also included in this cause docketed in the district court was a petition filed by Ira Miller and Yule Miller in the probate court on August 20, 1965, in which petition it was alleged that the 1952 will was invalid and void for the following reasons: (a) That it violated the 1936 agreement between F. A. Miller and his deceased wife regarding the making of joint and mutual wills; (b) that it was not freely and voluntarily made or executed, in that its execution was procured by fraud and undue influence practiced upon F. A. Miller by E. E. Miller and Joetyne M. Wright, acting individually or in concert, and that as a result of such conduct E. E. Miller and Joetyne M. Wright became the principal beneficiaries under the will; (c) that the signature on the will was obtained through duress practiced upon F. A. Miller by E. E. Miller and Joetyne M. Wright; and (d)

that at the time of its execution, F. A. Miller was legally incompetent to make or execute a valid will. E. E. Miller responded, denying these allegations. On August 23, 1965, the probate court admitted the 1952 will to probate. The admission of this will was appealed to the district court of Lincoln County and, for purposes of convenience, probate Nos. 37 and 39 were consolidated for trial on the merits in the district court.

On July 27, 1966, the judgment of the district court was filed overruling the probate court's admission of the 1952 will on the grounds that the execution of the will had been procured through the fraud and undue influence of E. E. Miller. The court admitted the 1946 will to probate.

The trial court found, inter alia, the existence of a confidential and fiduciary relationship between F. A. Miller and his son E. E. Miller at the time the 1952 will was drawn, and more particularly that:

"9. The execution of the instrument dated April 1, 1952 and the changes purported to be made by said instrument, in the Will of December 16, 1946, were not disclosed by the said Elger E. Miller to his brothers, or either of them, and by his influence, suggestion and direction and by his concealment, the said Elger E. Miller sought to obtain advantages to himself and to his child and granddaughter, at the expense of his brothers and his said father would not, except for such undue influence, suggestion and direction, have executed the said instrument dated April 1, 1952 as a purported Last Will and Testament."

▆▆▆▆ We first consider appellant E. E. Miller's fourth point, under which the argument is made, among others, that the trial court failed to find undue influence. It is basic that a judgment cannot be sustained on appeal unless the conclusion upon which it rests finds support in the findings of fact. Thompson v. H. B. Zachry Co., 75 N.M. 715, 410 P.2d 740 (1966); Star

Realty Company v. Sellers, 73 N.M. 207, 387 P.2d 319 (1963); Isaac v. Seguritan, 66 N.M. 410, 349 P.2d 126 (1960); Jontz v. Alderete, 64 N.M. 163, 326 P.2d 95 (1958); Consolidated Placers, Inc. v. Grant, 48 N. M. 340, 151 P.2d 48 (1944). The trial court must make ultimate findings of fact. Evidentiary findings are not required. Rule 52(B) (a) (2) (§ 21–1–1(52) (B) (a) (2), N.M.S.A., 1953 Comp.); State ex rel. State Highway Commission v. Pelletier, 76 N.M. 555, 417 P.2d 46 (1966); Hoskins v. Albuquerque Bus Company, 72 N.M. 217, 382 P.2d 700 (1963); Christmas v. Cowden, 44 N.M. 517, 105 P.2d 484 (1940); Fraser v. State Savings Bank, 18 N.M. 340, 137 P. 592 (1913). Ultimate facts are the facts which are necessary to determine the issues in the case, as distinguished from the evidentiary facts supporting them. Rule 52 (B) (a) (2), supra. In Star Realty Company v. Sellers, supra, this court held that:

"* * * They are the controlling facts, without which the court cannot correctly apply the law in rendering its judgment. * * *"

Thompson v. Zachry Co., supra; Brundage v. K. L. House Construction Company, 74 N.M. 613, 396 P.2d 731 (1964); Apodaca v. Lueras, 34 N.M. 121, 278 P. 197 (1929). E. E. Miller argues that although the trial court mentioned "influence" several times in its findings, the only reference to "undue influence" is merely an aside rather than a finding. It is true that not all influence is "undue" influence. The mere fact that influence is exerted upon a testator does not of itself vitiate the testator's will, or require that it be set aside, or denied probate. McElhinney v. Kelly, 67 N.M. 399, 356 P.2d 113 (1960). It is only undue influence which has this effect. However, we believe that the trial court's finding of fact No. 9 constitutes a finding of fact of undue influence. The trial court in that finding said, essentially, that F. A. Miller would not, except for the undue influence practiced upon him by E. E. Miller, have executed the instrument dated April 1, 1952. Nothing more is required for a finding of fact of undue influence.

Appellant E. E. Miller in his sixth point attacks the trial court's conclusions of law Nos. 2, 3, 4, 5 and 6. We have already disposed of the question as to whether or not the trial court found undue influence as a fact. Therefore, the validity and applicability of these conclusions of law depend, at the outset without here considering the cross-appeal, upon the validity of the trial court's finding of undue influence. In his fourth point appellant E. E. Miller challenged finding No. 9 on the ground that it is not supported by substantial evidence. Appellants Wright and Galvan, similarly attack, in their second point, the trial court's finding of fact No. 9. Findings of fact, if supported by substantial evidence, will not be disturbed on appeal. Berryhill v. United States Casualty Company, 76 N.M. 726, 418 P.2d 185 (1966); Eaton v. Cooke, 74 N.M. 301, 393 P.2d 329 (1964). If finding of fact No. 9 is supported by substantial evidence, then the trial court's conclusions of law based thereon and its judgment must stand.

It is urged that a presumption of undue influence arose in the instant case. Appellants do not question the trial court's finding of fact that prior to and following the drafting of the 1952 will, a confidential and fiduciary relationship existed between F. A. Miller and his son E. E. Miller. Appellant E. E. Miller argues the proper rule is that the establishment of a confidential relationship alone, between a beneficiary and a testator, does not shift the burden of proof as to undue influence from the contestant; that the burden of proof of undue influence remained in the instant case with the contestants; and that the contestants failed to carry this burden. E. E. Miller relies on cases from other jurisdictions which we do not consider, in the light of New Mexico case law, determinative of the question. The appellants Wright and Galvan argue that, although the parent-child relationship is per se confidential, such relationship is not sufficient to itself raise a presumption of undue influence. By way of dictum, this court in Shultz v. Ramey, 64 N.M. 366, 328 P.2d 937 (1958), stated the view thus expressed by these appellants. On the other hand, appellees Ira B. Miller and Iva Lucille Miller argue that in New Mexico the rule is that, where there is a fiduciary relationship between beneficiary and testator, a presumption of undue influence arises. In support, they rely on Cardenas et ux. v. Oritz, 29 N.M. 633, 226 P. 418 (1924), and Trigg v. Trigg, 37 N.M. 296, 22 P.2d 119 (1933). This view is not supported by these cases. Cardenas was discussed in Giovannini v. Turrietta, 76 N.M. 344, 414 P.2d 855 (1966), where we pointed out that the mere relationship was not enough—that there must be a showing of strong dominance by a grantee over the grantor. To the same effect, see Hummer v. Betenbough, 75 N.M. 274, 404 P.2d 110 (1965); Trigg v. Trigg, supra; Walters v. Walters, 26 N.M. 22, 188 P. 1105 (1920).

The rationale for the rule in these cases is implicit. Where a transfer of property is made by a parent to his child, a husband to his wife, a brother to his sister, etc., it is ordinarily a natural result of the affection which normally is a concomitant of these relationships. It would be unfair under such circumstances to impose a presumption of undue influence upon the transfer. But where, in addition to the usual circumstances, it is shown that the beneficiary of the transfer occupies a dominant position in the relationship, a position which is not the usual circumstance in such relationships, then it is proper to impose a presumption of undue influence upon the transfer. This rationale was articulated in Keeble v. Underwood, 193 Ala. 582, 69 So. 473 (1915). Thus, under the facts in the instant case, we believe the rule is as stated above by appellants Wright and Galvan. There must have been more than a confidenial and fiduciary relationship between F. A. Miller and his son E. E. Miller in order for a presumption of undue influence to arise.

It is clear, if there is substantial evidence, that E. E. Miller was in a dominant position in his relationship with his,

father F. A. Miller, and a presumption of undue influence arose which, if unrebutted, would support the trial court's refusal to admit the 1952 will to probate. Appellees argue, however, that appellant E. E. Miller, in discussing the evidence bearing upon the influence which E. E. Miller may have had upon his father in the direction of his father's business affairs, and in discussing other evidence bearing upon the trial court's finding of undue influence, failed to observe Supreme Court Rule 15(6) (§ 21–2–1(15) (6), N.M.S.A., 1953 Comp.) and that, therefore, E. E. Miller's contentions with regard to these matters should not be entertained by this court. Appellees also argue that appellants Wright and Galvan, in asserting that the trial court's finding of undue influence is not supported by substantial evidence, have not complied with the Rule. The Rule states in pertinent part that:

"A contention that a verdict, judgment or finding of fact is not supported by substantial evidence will not ordinarily be entertained, unless the party so contending shall have stated in his brief the substance of all evidence bearing upon the proposition, with proper references to the transcript. * * *"

However, upon considering appellants' briefs, we believe that appellants have satisfied the Rule.

■■■ Substantial evidence is such relevant evidence as might be accepted by a reasonable mind: it is that evidence which establishes facts from which reasonable inferences may be drawn. Tapia v. Panhandle Steel Erectors Company, 78 N.M. 86, 428 P.2d 625 (1967). Conflicts in the evidence are resolved by the trial court. Lance v. New Mexico Military Institute, 70 N.M. 158, 371 P.2d 995 (1962). In determining whether or not there is substantial evidence to raise a presumption of undue influence, we look only at the evidence favorable to appellees. Fitzgerald v. Fitzgerald, 70 N.M. 11, 369 P.2d 398 (1962). With these rules in mind, viewing the pertinent testimony in the record, we are convinced that there is substantial evidence, when taken together, establishing that the major beneficiary under the will was the dominant party in the confidential and fiduciary relationship which existed between the beneficiary and the decedent. This evidence in turn raises a presumption of undue influence with regard to the 1952 will. The facts leading to this conclusion can be summarized as follows: The confidential and fiduciary relationship between F. A. Miller and the appellant E. E. Miller, the age and poor physical and mental condition of the decedent, the lack of education of the decedent, the participation of E. E. Miller in procuring the will, the existing opportunity to exercise undue influence, and the unusual disposition of property made by the will. All of these facts find support in the record.

■■■ In reaching this result, we would note that the existence of undue influence in a given case is determined from the circumstances of that particular case. Hummer v. Betenbough, supra; Calloway v. Miller, 58 N.M. 124, 266 P.2d 365 (1954); Brown v. Cobb, 53 N.M. 169, 204 P.2d 264 (1949). It is often true the only evidence is circumstantial; but it is clear that such evidence may be used to show the existence of undue influence. Hummer v. Betenbough, supra; Cardenas et ux. v. Ortiz, supra.

■■■ Appellant E. E. Miller argues that even if a presumption of undue influence arose, it was rebutted. In Hummer v. Betenbough, supra, we noted that, in order for a presumption of undue influence to be rebutted, the proponent of the will in question must introduce sufficient evidence which at least balances the contestant's prima facie showing of undue influence. Also, we quoted from 57 Am.Jur., Wills, § 437, p. 310 (1948), in part, as follows:

"The strength of a presumption of undue influence in reference to the proof required to overcome it depends upon the particular facts and circumstances of each case. * * *"

In the instant case, the burden of producing evidence to show that the confidential relationship was not abused shifted to the proponent of the 1952 will, appellant E. E. Miller. The burden of providing a persuasive reasonable explanation of the will in question fell upon him. The attorney who drafted the 1952 will testified that he conferred privately with F. A. Miller concerning the provisions of the will; that F. A. Miller initiated the conversation with regard to the will; and that E. E. Miller did not remain at the attorney's office at the time F. A. Miller executed the will. In Hummer v. Bettenbough, supra, the attorney who prepared the will testified that if undue influence were exerted he had no knowledge of it. We there held that such testimony, standing alone in the face of the strong presumption of undue influence to the contrary, was not sufficient to rebut the presumption. However, in the instant case, there was a great deal of additional testimony which could, if believed, explain the will in question and show that the confidential relationship involved was not abused. But we need not review this testimony, because the answer to the question of whether or not the presumption of undue influence was rebutted in the instant case is not necessary to a correct determination of this appeal. This is true because if the presumption was not rebutted, then, obviously, the decision of the trial court is supported. If the presumption was rebutted, then, in view of the following, the decision of the trial court is still supported.

The remaining testimony, upon which appellants rely to rebut the presumption, could properly have been disregarded by the trier of facts because it falls within the rule stated in Medler v. Henry, 44 N.M. 275, 101 P.2d 398 (1940), that although the trier of facts cannot arbitrarily disregard the testimony of a witness, the trier of facts can disregard testimony even though not directly contradicted, when any of the following appear from the record:

"(a) That the witness is impeached by direct evidence of his lack of veracity or of his bad moral character, or by some other legal method of impeachment.

"(b) That the testimony is equivocal or contains inherent improbabilities.

"(c) That there are suspicious circumstances surrounding the transaction testified to.

"(d) That legitimate inferences may be drawn from the facts and circumstances of the case that contradict or cast reasonable doubt upon the truth or accuracy of the oral testimony."

Accord, Brown v. Cobb, supra, as to parts (c) and (d) of the stated rule which are applicable to the present case. Therefore, since it is for the trier of facts to determine the weight to be given the evidence and the credibility of the witnesses' testimony, Tapia v. Panhandle Steel Erectors Company, supra; Fitzgerald v. Fitzgerald, supra; Dowaliby v. Fleming, 69 N.M. 60, 364 P.2d 126 (1961), Luna v. Flores, 64 N.M. 312, 328 P.2d 82 (1958), and since in determining whether or not the evidence is sufficient to sustain a finding of fact this court considers only the evidence favorable to the finding, Tapia v. Panhandle Steel Erectors Company, supra; Fitzgerald v. Fitzgerald, supra; Luna v. Flores, supra; Huston v. Huston, 56 N.M. 203, 242 P.2d 495 (1952); Brown v. Cobb, supra, we conclude that, in view of the evidence which we have reviewed, the finding of fact of undue influence is supported by substantial evidence, even though there was evidence which tended to rebut the presumption of undue influence.

In view of our determination on this issue, it is unnecessary that we consider appellants' other points, since our consideration of them could have no effect upon the disposition of this appeal.

Cross-appellant Iva Lucille Miller contends that the trial court's finding of fact No. 5 is not supported by substantial evidence. Cross-appellant argues that the 1946 will, which was admitted to probate by the trial court, was procured by undue influence exerted by E. E. Miller, and that the only

valid will of F. A. Miller is the will dated March 10, 1938.

At the outset, there seems to be some doubt as to cross-appellant's standing to cross-appeal. Cross-appellees Wright and Galvan assert that because in the third cause of action in the petition of Ira Miller and Yule Miller in Probate No. 37 (cross-appellant here succeeds Yule Miller), it was prayed that if the alleged joint and mutual wills and the 1938 will were held invalid and the 1946 will admitted to probate, then cross-appellant cannot now object that the trial court admitted the 1946 will to probate. Cross-appellees contend that cross-appellant cannot appeal from the judgment below because it gave what cross-appellant sought, and because cross-appellant was not a party aggrieved or prejudiced within the meaning of Supreme Court Rule 5 (§ 21–2–1(5). N. M.S.A., 1953 Comp., 1967 Pocket Supp.). Most of the cases cited by cross-appellees deal with the question of whether or not one may assert in the appellate court a theory which was not asserted in the trial court. However, that is not the question before us. Here, several separate claims were set out in the petition in Probate No. 37. That this is proper is made clear by Rule 8(e) (2), Rules of Civil Procedure (§ 21–1–1(8) (e) (2), N.M.S.A., 1953 Comp.), which states in pertinent part:

> " * * * A party may * * * state as many separate claims or defenses as he has regardless of consistency and whether based on legal or equitable grounds or on both. * * *"

Our Rule is identical to Rule 8(e) of the Federal Rules of Civil Procedure, with the exception that the Federal Rule extends to maritime grounds in addition to legal and equitable grounds. Numerous federal cases have interpreted the rule literally, allowing the pleading of inconsistent claims. United States v. Borin, 209 F.2d 145 (5th Cir. 1954), cert. denied 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647 (1954); Montgomery Ward & Co. v. Freeman, 199 F.2d 720 (4th Cir. 1952); Kentucky Home Mut. Life Ins. Co. v. Duling, 190 F.2d 797 (6th Cir. 1951); Automobile Ins. Co., etc. v. Barnes-Manley Wet Wash Laundry Co., 168 F.2d 381 (10th Cir. 1948), cert. denied, 335 U.S. 859, 69 S.Ct. 132, 93 L.Ed. 406 (1948).

Under Supreme Court Rule 5, supra, only a party who has a real and substantial interest in the subject matter before the court and who is aggrieved or prejudiced by the decision of the trial court may appeal. Home Fire and Marine Ins. Co. v. Pan American Petroleum Corp., 72 N.M. 163, 381 P.2d 675 (1963). We believe cross-appellant falls within this description. In Automobile Ins. Co. v. Barnes-Manley Wet Wash Laundry Co., supra, it was held that:

> " * * * [T]he right to plead inconsistent causes of action and to seek relief in the alternative given by the Rules of Civil Procedure is not limited to the trial in the District Courts. Such right with respect to controversial questions of law obtains until final disposition on appeal. * * * "

In Aetna Casualty and Surety Company v. Cunningham, 224 F.2d 478, 69 A.L.R.2d 696 (5th Cir. 1955), where two claims were submitted and liability was found on one but not the other, the court of appeals held:

> " * * * [T]hat when, as a practical matter, the denial of any one claim results in the plaintiff not getting the relief to which it claims to be entitled, whether in the amount or in the quality of the judgment, it has a right to be heard on appeal."

We are aware that there are cases holding that, where alternative prayers are submitted to the trial court for consideration and the trial court rules in favor of one and against the other, the submitting party has received what he sought and is not entitled to appeal. Printup v. Smith, 212 Ga. 501, 93 S.E.2d 679 (1956); Bell Rose Sanitarium, Inc. v. Metz, Or., 425 P.2d 168 (1967); and see Annot. 69 A.L.R.2d 701, § 15 at 736 (1960). However, it seems to us that where, as here, the judg-

ment has qualities and legal consequences different from those sought in the alternative cause of action, an appeal may be justified, seeking relief which was denied in the lower court. See 69 A.L.R.2d 701, § 16(b) at p. 740 (1960).

We now consider cross-appellant's contention that the trial court's finding of fact No. 5, which was to the effect that in 1946 F. A. Miller had the requisite capacity to execute a will, that he did execute a will while free from any undue influence, that said will revoked all prior wills, and that said will was entitled to probate, is not supported by substantial evidence. Cross-appellant submitted requested findings of fact, among which was a requested finding to the effect that the 1946 will of F. A. Miller was procured by undue influence exerted by E. E. Miller. Cross-appellant sets out only the evidence in favor of this requested finding, omitting altogether reference to evidence in support of the trial court's finding No. 5. As pointed out by cross-appellees, this is contrary to the express language of Supreme Court Rule 15(6), supra. Failure to comply with the requirements of this Rule results in leaving the findings of the trial court undisturbed. Giovannini v. Turrietta, supra; Mountain States Telephone and Telegraph Company v. Suburban Telephone Co., 72 N.M. 411, 384 P.2d 684 (1963), appeal dismissed and cert. denied, 376 U.S. 648, 84 S.Ct. 982, 11 L.Ed.2d 979 (1964); Scott v. Homestake-Sapin, 72 N.M. 268, 383 P.2d 239 (1963); Davies v. Rayburn, 51 N.M. 309, 183 P.2d 615 (1947). Even though cross-appellant has failed to comply with Supreme Court Rule 15(6), supra, considering the evidence pointed out in the briefs submitted on the appeal as distinguished from the cross-appeal, we believe that there is evidence to warrant the trial court's finding of fact No. 5. Much of the evidence stated by cross-appellant in favor of the requested finding of undue influence with regard to the 1946 will is the same evidence which we have held supports the finding of undue influence with regard to the 1952 will.

However, there is evidence from which inferences could be drawn that, while in 1952 F. A. Miller was subjected to undue influence, this was not the case in 1946, because F. A. Miller was younger and in better physical and mental condition and was less likely to succumb to pressure, because E. E. Miller was less in control of F. A. Miller's business affairs, and because the dispositions made by the 1946 will were not unnatural. Thus, the evidence surrounding the 1946 will could be seen as failing to show that E. E. Miller was the dominant party in the relationship between him and F. A. Miller. It was within the province of the trial court to determine the weight to be given the evidence and the credibility of the witnesses. Tapia v. Panhandle Steel Erectors Company, supra; Fitzgerald v. Fitzgerald, supra; Dowaliby v. Fleming, supra; Luna v. Flores, supra.

Finding no error, the judgment of the district court is affirmed.

It is so ordered.

COMPTON and CARMODY, JJ., concur.